## JOSEPH F. PRICHARD

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Mt.Vernon January 16, 1894.*

1. BIGAMY—*first husband or wife must be living.* It is indispensable to the commission of the crime of bigamy that the first husband or wife shall be living at the time of the second marriage; and an indictment which fails to charge that fact is bad, and should, on motion, be quashed, or the judgment should be arrested, on motion.

2. SAME—*sufficiency of indictment.* An indictment for bigamy alleged that the defendant, on, etc., at, etc., did marry one Eliza Ann Sweet, a female, and that the said defendant, Joseph Ferguson Prichard, afterward, to-wit, on, etc., at, etc., feloniously and unlawfully did marry and take to wife one V. M. L., and to him the said V. M. L. was then and there married, the said defendant well knowing the said Eliza Ann Ferguson, his former wife, was then alive, and the said defendant never having been legally divorced from the said Eliza Ann Prichard, etc.: *Held,* that the indictment was insufficient to sustain a conviction.

3. The rule that all the allegations of fact in pleadings shall be direct and positive, and not merely argumentative or inferential, is not changed by section 408 of the Criminal Code, which provides that "every indictment or accusation of the grand jury shall be deemed sufficiently technical and correct which states the offense in the terms and language of the statute creating the offense, or so plainly that the nature of the offense can be easily understood by the jury."

4. Whether the description of the offense in an indictment is so plain that its nature can easily be understood by the jury, must depend upon whether it is described with at least a reasonable degree of certainty, using the term "certainty" in its common law sense.

WRIT OF ERROR to the Circuit Court of St. Clair county; the Hon. B. R. BURROUGHS, Judge, presiding.

Mr. FRANKLIN A. McCONAUGHY, for the plaintiff in error:

The charge must be laid positively, and not inferentially, or by way of recital, merely. Therefore, a material fact laid in an indictment, after a "whereas," will render the indictment bad. 1 Archbold on Crim. Pr. and Pl. (Pomeroy's ed.) 275.

An averment must be introduced that the former consort was alive at the time of the second marriage, and must be directly charged. 3 Chitty on Crim. Law, secs. 231, 719, note.

The facts constituting the offense must not be stated argumentatively,—that is, left to be inferred from the facts stated, —but must be stated in express and positive language. Moore on Crim. Law, sec. 786.

This author also adheres to this rule in the precedent which he furnishes for this form of indictment, (Idem. sec. 630,) and is in accord with Wharton in his precedents. 2 Precedents of Indictment and Pleas, 985; 4 Am. and Eng. Ency. of Law, 744; Starkie on Crim. Pl. (1st ed.) 270; 1 Bishop on Crim. Pr. sec. 555.

It is a rule of pleading that the pleader must present the material facts in traversable form. *State* v. *LaBose*, 26 Vt. 765.

In the statute making this offense, (Crim. Code; div. 1, sec. 28,) the proviso is no part of the charge, and there is no need of negativing it. *Lequat* v. *People*, 11 Ill. 330; *Metzker* v. *People*, 14 id. 102.

It has been held by this court that it is not necessary to set out in full or with particularity the first marriage, in indictments for bigamy, but where it is done it must be done accurately, and a variance in the name of the first wife is fatal. Here another objection arises to this indictment, if further objection is necessary. It will be seen, in the concluding part of this indictment, that the name of the first wife is given as "Eliza Ann Ferguson" instead of "Eliza Ann Prichard." *Rex* v. *Gooding*, C. & M. 296; 2 Wharton on Precedents of Indictments and Pleas, 985; Wharton on Crim. Pl. and Pr. sec. 151; Bishop on Crim. Stat. 601.

Mr. M. T. MOLONEY, Attorney General, and Mr. M. W. SCHAFFER, State's Attorney, for the People:

Whenever a description or averment can be stricken out without affecting the charge against the prisoner and without

vitiating the indictment, it may, on the trial, be treated as surplusage, and rejected. *Durham* v. *People,* 4 Scam. 174; *Sutton* v. *People,* 145 Ill. 279.

In setting out the first marriage the name of the wife is set out with particularity, and it was not necessary to mention her name again, but to refer to her only as the first or former wife. Under the decision in the *Durham case, supra,* and the *Sutton case, supra,* the name may be treated as surplusage.

Section 408, chapter 38, of the Revised Statutes of Illinois, provides that "every indictment or accusation of the grand jury shall be deemed sufficiently technical and correct which states the offense in the terms and language of the statute creating the offense, or so plainly that the nature of the offense may be easily understood by the jury." *Plummer* v. *People,* 74 Ill. 361.

We earnestly submit that the indictment is drawn in the terms and language of the statute, and charges the offense so plainly that the nature thereof was and could be understood, both by the plaintiff in error and the jury that tried the case.

Mr. JUSTICE BAILEY delivered the opinion of the Court:

Joseph Ferguson Prichard was indicted in the Circuit Court of St. Clair county for the crime of bigamy, and on trial, was found guilty, and sentenced to imprisonment in the penitentiary for the term of one year, and to pay a fine of $25, together with the costs of the prosecution. To reverse the sentence thus pronounced upon him, he now brings the record to this court by writ of error. Several errors are assigned, but we shall find it necessary to notice but one. The indictment consists of but one count, and omitting the formal caption and the signature of the state's attorney, is as follows:

"The grand jurors, chosen, selected and sworn, in and for the county of St. Clair, in the name and by the authority of the People of the State of Illinois, upon their oaths present:

That Joseph Ferguson Prichard, late of Milwaukee county, in the State of Wisconsin, on the twenty-fourth day of September, in the year of our Lord one thousand, eight hundred and eighty-three, at and within the said county of Milwaukee aforesaid, did marry one Eliza Ann Sweet, a female, and her the said Eliza Ann Sweet then and there had for his wife, known by the name of Eliza Ann Prichard, and that said Joseph Ferguson Prichard, afterward, to-wit, on the sixth day of April, in the year of our Lord one thousand, eight hundred and ninety-two, at the city of Belleville, in the county of St. Clair, State of Illinois, feloniously and unlawfully, did marry and take to wife, one Virginia M. Lewis, a female, and to him the said Virginia M. Lewis was then and there married, the said Joseph Ferguson Prichard well knowing the said Eliza Ann Ferguson, his former wife, was then alive, and the said Joseph Ferguson Prichard never having been legally divorced from the said Eliza Ann Prichard, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the same People of the State of Illinois."

The sufficiency of the indictment was challenged, prior to the trial, by motion to quash, and afterwards by motion in arrest of judgment, and the question now is, whether it sufficiently charges the defendant with the commission of the crime of which he has been convicted.

The statute in relation to the crime of bigamy is as follows:

"Whoever, having a former husband or wife living, marries another person, or continues to cohabit with such second husband or wife in this State, shall be deemed guilty of bigamy, and be imprisoned in the penitentiary not less than one year nor more than five years, and fined not exceeding $1000: *Provided*, nothing herein contained shall extend to any person whose husband or wife shall have been continually absent from such person for the space of five years together, prior to said second marriage, and he or she not knowing such husband or wife to be living within that time. Also, nothing

herein contained shall extend to any person that is, or shall be at the time of such second marriage, divorced by lawful authority from the bands of such former marriage, or to any person where the former marriage hath been, by lawful authority, declared void."

It is of course indispensable to the commission of the crime of bigamy, that the first husband or wife should be living at the time of the second marriage. Indeed, the crime, by its very definition, consists of marrying a second husband or wife while the first husband or wife is living and undivorced. There is, however, no direct averment in the indictment in this case that at the time of the defendant's second marriage, his first wife was living.

Reliance is placed upon the averment that the defendant, at the time of his second marriage, knew that his first wife was living. If this is to be taken as an allegation that his former wife was then living, it is merely argumentative. The allegation being that the defendant knew that his former wife was living, it is sought to be inferred by way of argument, that she must have been in fact living. But it is an elementary rule of pleading, both civil and criminal, that allegations of fact in pleadings should be direct and positive, and not merely argumentative or inferential.

Nor are we disposed to hold that this rule of pleading, in its application to criminal indictments, is abrogated by section 408 of the Criminal Code which provides that, "Every indictment or accusation of the grand jury shall be deemed sufficiently technical and correct, which states the offense in the terms and language of the statutes creating the offense, or so plainly that the nature of the offense can be easily understood by the jury." Of course it must be admitted that the description of the offense in this case is not in the terms or language of the statute, and whether the description of the offense is so plain that its nature could easily be understood by the jury, must depend upon whether it is described with

at least a reasonable degree of certainty, using the term "certainty" in its common law sense.

But not only is the allegation that the defendant's former wife was living at the time of his second marriage purely argumentative, but it is otherwise, to say the least, exceedingly equivocal and ambiguous. After stating that the defendant's first marriage was with Eliza Ann Sweet, known by the name of Eliza Ann *Prichard,* the allegation is, that he afterwards married Virginia M. Lewis, "the said Joseph Ferguson Prichard well knowing the said Eliza Ann *Ferguson,* his former wife, was then alive." Eliza Ann *Ferguson* was not the name of the former wife to whom he is alleged to have been married, and the allegation that he knew that a person of that name was living at the date of his second marriage, has no tendency to show that his former wife was then living.

Nor is the difficulty obviated by prefixing to the name Eliza Ann Ferguson the word "said," and by following it by the words, "his former wife." Without these words, it would have been the fair if not the necessary interpretation of the pleading, that an entirely different person was referred to. By these words an ambiguity may be said to be created. By their insertion, it was made uncertain whether the name "Ferguson" was used instead of "Prichard" by reason of a clerical error, or as intending to designate a different person. But in any event, the ambiguity and uncertainty is such, that it can not be said that from the indictment, the jury could have easily understood the nature of the offense charged against the defendant.

We think the indictment was clearly insufficient, and that the motion to quash, as well as the motion in arrest of judgment, should have been sustained. The judgment will therefore be reversed, and the cause will be remanded, with directions to quash the indictment and discharge the defendant from further prosecution thereon.

*Judgment reversed.*