### GILFORD HARRISON v. THE STATE.

No. 2042.    Decided November 29, 1899.

**1. Perjury Assigned Upon an Affidavit—Indictment.**

An indictment for perjury based upon an affidavit containing several statements, some of which are incontrovertible or nondemurrable, is fatally defective which alleges that said affidavit is false, and fails to single out the allegations in the same on which it was proposed to assign the perjury, and which are claimed to be material, alleging their materiality as well as falsity. Following Ross v. State, 40 Texas Criminal Reports, 349.

**2. Same.**

On a prosecution for perjury, it is necessary that there should be a specific assignment upon each matter claimed to be material. Where there are several statements in the instrument declared on, some of which are absolutely true, and the assignment is in solido, and traversed in solido, the indictment is manifestly defective.

APPEAL from the District Court of Bastrop. Tried below before Hon. ED. R. SINKS.

Appeal from a conviction of perjury; penalty, eight years imprisonment in the penitentiary.

A motion was made to arrest the judgment because the indictment was fatally defective.

The opinion states the case.

*Jones & Jones,* for appellant.—The assignment in the indictment as to the false statement made by defendant, constituting the whole affidavit, and upon which perjury is based, is too general, and does not specify any alleged material statement. Donohoe v. State, 14 Texas Crim. App., 638; Smith v. State, 1 Texas Crim. App., 620; Lawrence v. State, 2 Texas Crim. App., 479; Watson v. State, 5 Texas Crim. App., 11; Massie v. State, 33 Texas Crim. Rep., 317; Williams v. State, 28 Texas Crim. App., 301; Rohrer v. State, 13 Texas Crim. App., 167; Cravey v. State, 33 Texas Crim. Rep., 557; Buller v. State, 33 Texas Crim. Rep., 551; Johnson v. State, 34 Texas Crim. Rep., 555; West v. State, 8 Texas Crim. App., 119.

*Rob't A. John,* Assistant Attorney-General, for the State.—Appellant's first contention is, that the indictment is fatally defective in that the assignment of the perjury is too general in its terms. On this question the State submits that, while not necessary, yet it is proper, when the false oath alleged to constitute perjury is in writing, the same may be set forth in the indictment in haec verba. Gabrielsky v. State, 13 Texas Crim. App., 428; Umdenstock v. State, 43 Texas, 554; Whart. Crim. Proc., sec. 559.

The indictment in this case having set forth the written affidavit in haec verba, the allegation assigning the perjury is sufficient if it assigns as false, by specific terms, the part which is contended to be false and negatives the truth of same. As was said in the Rohrer case, cited by appellant: "While it may be necessary to set forth the whole matter to which the defendant swore, in order to make the rest intelligible, though some of the circumstances had a real existence, yet the word 'falsely' does not import that the whole is false, and when the proper averments come to be made, it is not necessary to negative the whole, but only such parts as the prosecutor can falsify, admitting the truth of the rest." Rohrer v. State, 13 Texas Crim. App., 167; Hernandez v. State, 18 Texas Crim. App., 135; Butler v. State, 36 Texas Crim. Rep., 482.

The pleader in the case at bar specifically assigns all but the formal parts of said affidavit as perjury, states the facts constituting the same false, and negatives the truth of same.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of perjury, and his punishment assessed at confinement in the penitentiary for a term of eight years.

Upon various grounds, appellant moved in arrest of judgment. The perjury is assigned upon an affidavit charging Charley Clopton and John Woods with willfully and fraudulently taking into their possession, driving, and using, and removing from its accustomed range, a certain brown cow, ten years old, branded 11 on the left hip, and one calf, about ten months old, with no mark or brand, belonging to appellant, without his consent, and with intent to deprive him of

said property. The indictment, after setting out the entire affidavit, thus continues: "Whereas, in truth and in fact, the said Charley Clopton and John Woods did not willfully and fraudulently take into their possession said cow and said calf without the consent of the said Gilford Harrison, but in truth and in fact the said Charley Clopton, being then and there a duly appointed deputy sheriff in and for Bastrop County, Texas, and the said John Woods, being then and there the duly elected and qualified constable of precinct No. 1, Bastrop County, Texas, and the said Charley Clopton and the said John Woods took possession of said cow and said calf under and by virtue of. a valid order of sale issued out of the justice of the peace court of precinct No. 1, Bastrop County, Texas, in a certain suit pending in said court wherein R. A. Brooks was plaintiff and Gilford Harrison and Will Bishop were defendants, said order of sale being duly read to the said Gilford Harrison at the time of the taking of said cattle, which affidavit so made by the said Gilford Harrison was then and there necessary for the ends of public justice, yet the same then and there was nevertheless willfully and deliberately made, and was willfully and deliberately false, as the said Gilford Harrison then and there well knew, against the peace and dignity of the State." This indictment should have been quashed. It will be observed that the allegation is that said affidavit is false, which means in its entirety. The State should have singled out the allegations of the complaint on which it was proposed to assign perjury, and which are claimed to be material, and, having done this, it should have alleged materiality as well as falsity. Because this was not. done, the indictment was fatally defective. Ross v. State, 40 Texas Crim. Rep., 349. The materiality of a false statement must be directly alleged, or it must be made plainly to appear from the facts which are stated in the indictment. It is necessary that there should be a specific assignment upon each matter claimed to be material. Donohoe v. State, 14 Texas Crim. App., 638; Smith v. State, 1 Texas Crim. App., 620; Lawrence v. State, 2 Texas Crim. App., 479; Watson v. State, 5 Texas Crim. App., 11; Massie v. State, 5 Texas Crim. App., 81; Williams v. State, 28 Texas Crim. App., 301; Martin v. State, 33 Texas Crim. Rep., 317. Recurring to the indictment, it will be seen that it alleges, immediately following the affidavit, that "in truth and in fact the said Charley Clopton and John Woods did not willfully and fraudulently take into their possession said cow and said calf, without the consent," etc.; and then, further on, charges that said "affidavit so made by the said Gilford Harrison was then and there necessary for the ends of public justice, yet the same then and there was nevertheless willfully and deliberately made, and was willfully and deliberately false." It is evident the pleader has not undertaken to set out the falsity of any particular portion of the affidavit, much less those portions of it which are material. The whole matter is averred in such a confused form that it is not made to appear what was the object or purpose of

the pleader in framing the indictment. It would have been an easy matter, it occurs to us, to have set out one or more material portions of the complaint, and then to have distinctly traversed these assignments. It is competent for the pleader to present as many assignments of perjury upon material issues as he deems proper, but these should be distinct, and each assignment alleged to be material should be distinctly traversed. There are several statements contained in the complaint, and, in fact, it sets out a nondemurrable cause of action on its face against Clopton and Woods for willfully and fraudulently taking into their possession, and driving from the range, etc., the two animals mentioned. The pleader could have selected some of these matters, and traversed each so selected, and proof of either would have been sufficient. As in Brown's case, 40 Texas Criminal Reports, 48, the assignment is in solido, and contains several statements. They are traversed in solido. These allegations can not be dissevered, but must be construed together, and thus present the issue, and, as alleged, it was incumbent on the State to prove the entire complaint false. The failure of the State to prove all these matters false would evidently be fatal to the prosecution. If we treat the indictment as being a proper one, which can not be done, still some of the allegations were shown to be absolutely true. So, whether we look at it from the point of correct pleading or from the standpoint of sufficiency of evidence to support it, this conviction can not stand. If it was intended to allege that appellant's affidavit was false in regard to the parties willfully and fraudulently taking up and carrying off the property, that should have been alleged as the material question, and traversed by proper averments. If it was intended to assign perjury upon the fact that there were two cattle, one a brown cow, and the other a ten months old calf, the materiality and falsity of that should have been alleged. So, from any standpoint, this conviction can not be sustained. The judgment is reversed, and the prosecution ordered dismissed.

*Reversed and dismissed.*