## MILLER et al. v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. January 3, 1905.)

### No. 1,109.

INDICTMENT—DESCRIPTION OF OFFENSE—PROCURING PRESENTATION OF FALSE PENSION AFFIDAVIT.

An indictment under Rev. St. § 4746, as amended by Act July 7, 1898, c. 578, 30 Stat. 718 [U. S. Comp. St. 1901, p. 3279], which charges that defendants "did knowingly and willfully procure the presentation to the Commissioner of Pensions of a false and fraudulent paper writing," etc., is insufficient where it does not state the manner of presentation, or the name of the person procured to present it, or that his name is unknown.

In Error to the District Court of the United States for the Northern District of Illinois.

The plaintiffs in error were on April 14, 1904, convicted of violating section 4746 of the Revised Statutes, as amended by the act of July 7, 1898, c. 578, 30 Stat. 718 [U. S. Comp. St. 1901, p. 3279]. The section reads as follows: "That every person who knowingly or wilfully makes or aids or assists in making, or in any wise procures the making or presentation of any false or fraudulent affidavit, declaration, certificate, voucher, or paper or writing purporting to be such, concerning any claim for pension or payment thereof or pertaining to any matter within the jurisdiction of the Commissioner of Pensions * * * shall be punished," etc. The charge in each of the four counts of the indictment is that "defendants did knowingly and willfully procure the presentation to the Commissioner of Pensions of a certain false and fraudulent paper writing,", etc. The indictment fails to name any person through whom the presentation was made, or to account for the omission of the name, and fails to state in what manner the defendant procured the presentation. Demurrers to the indictment for insufficiency were overruled, and after trial and conviction a motion in arrest of judgment was overruled. to which several rulings proper exceptions were reserved. After judgment and sentence upon the verdict, the cause is brought here for review.

Thomas E. Milchrist, for plaintiff in error.

S. H. Bethea, U. S. Dist. Atty.

Before JENKINS, GROSSCUP, and BAKER, Circuit Judges.

JENKINS, Circuit Judge. Where the offense is purely statutory, it is usually sufficient that the indictment charges acts coming within the statutory description and in the substantial words of the statute, without further expansion. United States v. Simmons, 96 U. S. 360, 24 L. Ed. 819; United States v. Britton, 107 U. S. 655, 2 Sup. Ct. 512, 27 L. Ed. 520; Pounds v. United States, 171 U. S. 35, 18 Sup. Ct. 729, 43 L. Ed. 62. But this rule is subject to the qualification that the crime must be charged with precision and certainty, and every ingredient of which it is composed must be clearly and accurately set forth, and that even in the case of misdemeanors the indictment must be free from ambiguity, and leave no doubt in the mind of the accused or of the court of the exact offense intended to be charged. United States v. Carll, 105 U. S. 611, 26 L. Ed. 1135; United States v. Hess, 124 U. S. 483, 8 Sup. Ct. 571, 31 L. Ed. 516; Pettibone v. United States, 148 U. S. 197, 13 Sup. Ct. 542, 37 L. Ed. 419; Blitz v. United States, 153 U. S. 308, 315, 14 Sup. Ct. 924, 38 L. Ed. 725; Evans v. United

States, 153 U. S. 584, 587, 14 Sup. Ct. 934, 38 L. Ed. 830; Ledbetter v. United States, 170 U. S. 606, 609, 18 Sup. Ct. 774, 42 L. Ed. 1162. Within this rule and its qualifications, we are of opinion that the indictment here, couched in the language of the statute is insufficient. It is charged that the defendants did knowingly and willfully procure the presentation to the Commissioner of Pensions of a certain false and fraudulent affidavit, etc., but wholly omits to name the person procured, or to state that his name was unknown to the grand jury, or in any way to account for the failure to name him or to state how the presentation was procured. It is to be observed that the statutory offense consists in in any wise procuring to be presented to the officer named a false affidavit—which means that the accused procured the false affidavit to be presented. It is not charged that the defendant personally made the presentation. It may be doubtful whether personal presentation of a false affidavit to the commissioner falls within the statute. The language is peculiar. "Every person who knowingly or wilfully makes, or aids or assists in making, or in any wise procures the making or presentation of any false or fraudulent affidavit," etc. The making of a false affidavit is one offense; the aiding or assisting in the making of a false affidavit by another is a second offense; the procuring of the making of a false affidavit by another is a third offense; the procuring of the presentation of a false affidavit is still another offense. The words "in any wise procures the making or presentation" follow the description of the offense of making a false affidavit, and the offense of making or assisting another in the making of a false affidavit. Thus the word "presentation" is linked with and governed by the verb "procures." Is the offense thereby limited to a presentation procured by the accused to be made by another, and does the statute cover the case of a personal presentation? Should the statute be construed as though it read "presents or procures the presentation of"? See People v. Roderigas, 49 Cal. 11; Reg. v. Mines, 25 Ont. 577. If the statute should be so read, the greater necessity would arise to notify the accused by the indictment of the particular mode of presentation relied upon. The indictment should charge whether the false affidavit was presented by himself or procured by him to be presented by another named. The indictment fails to declare the agency through which the presentation of the false affidavit was procured by the accused. How, then, can it be said that the offense is so stated that the accused can be fully apprised of the charge which he is to meet? He is not informed by the indictment of the manner of presentation, or the name of the person claimed by the prosecution to have been his agent in the presentation of the false affidavit, and would be obliged to go to trial without opportunity of meeting the testimony of any one of several persons whom the prosecution might then produce as the agent of the accused in such presentation. This is not that certainty in the charge of an offense which the law requires.

The case of United States v. Simmons, supra, is one quite similar to the case in hand. That was an indictment under section 3266,

Rev. St. [U. S. Comp. St. 1901, p. 2119], prohibiting distilling on certain premises, which provides that no person shall use a still, boiler, or other vessel for the purpose of distilling, under certain circumstances stated, and that "every person who does any of the acts prohibited by this section, or aids or assists therein, or causes or procures the same to be done, shall be fined," etc. It was there, as here, insisted that it was sufficient to charge the offense in the language of the statute. The court, recognizing the general rule, stated that "there is the qualification, fundamental in the law of criminal procedure, that the accused must be apprised by the indictment, with reasonable certainty, of the nature of the accusation against him, to the end that he may prepare his defense and plead judgment as a bar to any subsequent prosecution for the same offense," and added: "Tested by these rules, the second count is insufficient. Since the defendant was not charged with using the still, boiler, and other vessels himself, but only with causing and procuring some one else to use them, the name of that person should have been given. It was neither impracticable nor unreasonably difficult to have done so. If the name of such person was unknown to the grand jurors, that fact should have been stated in the indictment." We think this ruling controlling here, and effectual to condemn this indictment.

The judgment is reversed, and the cause remanded, with direction to the court below to set aside the conviction, to sustain the demurrer to the indictment, and to discharge the prisoners.