## ROSENFELD v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. April 23, 1912. Rehearing
Denied December 24, 1912.)

### No. 1,790.

1. INTERNAL REVENUE (§ 47*)—REMOVAL OF SPIRITS—CONTRARY TO LAW—
INDICTMENT.

An indictment charging the defendant with a violation of Rev. St. §
3296 (U. S. Comp. St. 1901, p. 2136), by aiding in the concealment of
distilled spirits on which the tax had not been paid, and which had been
removed from the distillery to a place other than the distillery ware-
house provided by law, is sufficient if it charges each element of the
crime enumerated in the statute and substantially in the same language,
and it need not aver that the removal of the spirits was with intent to
defraud the United States.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 144–
150; Dec. Dig. § 47.*]

2. INTERNAL REVENUE (§ 47*)—VIOLATION OF REVENUE LAWS—INDICTMENT.

Under the provision of Rev. St. § 3317 (U. S. Comp. St. 1901, p. 2164),
making it an offense for any person "to purchase or receive or rectify
any distilled spirits which have been removed from a distillery to a
place other than the distillery warehouse provided by law, knowing or
having reasonable grounds to believe that the tax on said spirits re-
quired by law has not been paid," an indictment which follows such
language is sufficient, although it does not directly aver that the tax
was not paid, since, being sufficient to advise the defendant of the
charge against him, the defect, if any, is one of form only and cured
by Rev. St. § 1025 (U. S. Comp. St. 1901, p. 720).

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 144–
150; Dec. Dig. § 47.*]

3. CRIMINAL LAW (§ 538*)—SUFFICIENCY OF EVIDENCE—PROOF OF CORPUS
DELICTI.

While an extrajudicial confession or statement by a defendant is not
alone sufficient to establish the corpus delicti, it will be sufficient if cor-
roborated by such extrinsic testimony or circumstances as will, taken
with the confession, establish defendant's guilt in the minds of the jury
beyond reasonable doubt.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1227–
1229; Dec. Dig. § 538.*]

In Error to the District Court of the United States for the East-
ern Division of the Northern District of Illinois; Kenesaw M. Landis,
Judge.

Criminal prosecution by the United States against Hyman Rosen-
feld. Judgment of conviction, and defendant brings error. Affirmed.

The indictment herein contained eight counts charging violations of sev-
eral sections of the Revised Statutes of the United States, having reference
to the handling of distilled spirits. Defendant went to trial on the plea
of not guilty. At the close of all the evidence defendant moved the court
to instruct the jury to exclude the evidence, and find a verdict of not guilty
as to each of the counts. Thereupon the government entered a nolle prosequi
as to counts 1, 2, 3, 6, and 7. The court denied the motion as to counts
4, 5, and 8, and the case went to the jury upon those counts. The jury ren-
dered a verdict finding defendant guilty as charged as to counts 4 and 8,
and not guilty as to count 5. Motions for new trial and in arrest were

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

made and overruled, and defendant was adjudged guilty and sentenced to imprisonment in the penitentiary for a term of 15 months, and to pay a fine of $2,000. Thereupon this writ of error was sued out, and the cause is duly before us for review.

Count 4 of the indictment reads as follows, viz.: "(4) And the grand jurors aforesaid, upon their oaths aforesaid, do further present that the said Hyman Rosenfeld, late of the city of Chicago, in the said division and district, on, to wit, the first day of April, in the year of our Lord nineteen hundred and ten, at Chicago aforesaid, in the division and district aforesaid, unlawfully, knowingly, and willfully, and with intent to defraud the United States, did conceal and aid in the concealment of certain large quantities, to wit, one thousand proof-gallons, of distilled spirits on which the internal revenue tax then imposed by law upon such spirits had not been paid, and which said spirits had theretofore unlawfully been removed from a certain distillery there situate, to wit, from the distillery of the Illinois Fruit Distilling Company in the said city of Chicago, Illinois, to a place other than the distillery warehouse provided by law, to wit, to the place of business of him, the said Hyman Rosenfeld, in the said city of Chicago, Illinois; against the peace and dignity of the said United States, and contrary to the form of the statute of the same in such case made and provided"—and is based upon section 3296 of the Revised Statutes of the United States (U. S. Comp. St. 1901, p. 2136), which reads: "Whenever any person removes, or aids or abets in the removal of any distilled spirits on which the tax has not been paid, to a place other than the distillery warehouse provided by law, or conceals or aids in the concealment of any spirits so removed, or removes, or aids or abets in the removal of any distilled spirits from any distillery warehouse, or other warehouse for distilled spirits authorized by law, in any manner other than is provided by law, or conceals or aids in the concealment of any spirits so removed he shall be liable to a penalty of double the tax imposed on such distilled spirits so removed or concealed, and shall be fined not less than two hundred dollars nor more than five thousand dollars, and imprisoned not less than three months nor more than three years."

Count 8 reads as follows: "(8) And the grand jurors aforesaid, upon their oaths aforesaid, do further present that the said Hyman Rosenfeld, at Chicago aforesaid, in the said division and district, on, to wit, the first day of April, in the year of our Lord nineteen hundred and ten, unlawfully, knowingly, and willfully did purchase and receive certain large quantities, to wit, one thousand gallons of distilled spirits, which said distilled spirits had theretofore been removed from a distillery, to wit, from the distillery of the Illinois Fruit Distilling Company, in the said city of Chicago, Illinois, to the place other than the distillery warehouse provided by law, to wit, to the place of business of him, the said Hyman Rosenfeld, in the said city of Chicago, Illinois, and on which said distilled spirits the said Hyman Rosenfeld then and there well knew, and had reasonable grounds to believe, the internal revenue tax then imposed by law had not been paid; against the peace and dignity of the said United States, and contrary to the form of the statute of the same in such case made and provided"—and is based upon section 3317 of the statutes (U. S. Comp. St. 1901, p. 2164), which is as follows, viz.: "Every person who engages in, or carries on, the business of a rectifier with intent to defraud the United States of the tax on the spirits rectified by him, or any part thereof, or with intent to aid, abet, or assist any person or persons in defrauding the United States of the tax on any distilled spirits, or who shall purchase or receive or rectify any distilled spirits which have been removed from a distillery to a place other than the distillery warehouse provided by law, knowing or having reasonable grounds to believe that the tax on said spirits, required by law, has not been paid, shall, for every such offense, be fined not less than one thousand dollars nor more than five thousand dollars, and imprisoned not less than six months nor more than two years."

On the trial, Max Bronstein, a witness called by the government, testified: That he and others had manufactured large quantities of spirits at the plant

of the Illinois Fruit Distilling Company upon a great part of which no tax was paid. This was between August, 1898, and February, 1910. That on one occasion he sold defendant spirits in jugs for $1.20 a proof gallon, that being only 10 cents above the amount of the government tax. That defendant wanted to know how he could do it and whether it was safe, and was told by witness that "we have a retail room in our establishment." That he explained to defendant how the spirits could be taken out without payment of the tax. That afterwards he would take the spirits in jugs to defendant and would go in the morning to get the jugs. He usually paid on Sundays. That the brandy he delivered to defendant came from the distillery without going into the warehouse, and without payment of taxes. That about 1,500 gallons were delivered between January, 1909, and February 15, 1910, and that he had always carried bills made out at the market price to deceive the government officer if he happened along.

Bronstein further testified that the distillery delivered to defendant brandy of 100 proof and of 150 proof, and that he helped Rosenfeld figure out how many jugs of 100 proof and how many jugs of 150 proof should be put by defendant into a barrel of 120 proof, which he had in his place of business, in order that the mixture should correspond in proof with the spirits then in the barrel. Rosenfeld admitted to witness he had a barrel in the saloon of 120 proof goods.

Frank Weiss, also a witness for the government, testified that he worked for the Illinois Fruit Distilling Company from August or September, 1908, until February or March, 1910, as engineer; that he met defendant in his store with Bronstein in January, 1909; that defendant was buying goods from the distillery; that defendant did not want Shapiro (a wholesale liquor dealer) to know he was buying from the distillery; that the latter was selling its goods to Shapiro in quantities of 500 or 600 gallons a week on which tax was not paid; that about 1909 defendant said Bronstein should be careful about the goods "we were delivering to him," because he owed Shapiro money, and did not want to have trouble with him; that in December, 1909, he delivered to defendant 10 jugs of brandy from the Illinois Fruit Distilling Company, 100 proof, upon which the tax was not paid. Witness took down the jugs from wagon and put them in the back room of defendant. He said to defendant: "I would like to have the jugs back, Mr. Rosenfeld." Rosenfeld replied: "I never empty them in the daytime. I always empty them after I close the saloon, and I cannot empty them in the daytime." Witness left the jugs there and was told by defendant: "In the morning you can get the jugs."

Abraham Weiss, also a witness for the government, testified that on one occasion, at defendant's place, he heard Frindel ask defendant for some jugs to deliver some brandy. Defendant said he could not give the jugs back in the same day because he had to empty them after the store closed at night.

Harry Spero testified for the government as follows, viz.: That he was an employé of the distilling company; that on the second Sunday he worked there he made a delivery of five jugs to defendant; that he carried them in the back way into the saloon; that the second time he took it into the saloon and a second man took it into the basement; that the witness then got jugs in return. This brandy came from the distillery in the warehouse, filtered up from two big tubs.

The defendant denied the statements of the government's witnesses. He testified he had no knowledge of the want of payment of tax and claims he paid at least $1.31 per gallon for spirits and brandy.

The errors assigned are:

(1) That the court denied defendant's motion in arrest of judgment.

(2) That the court overruled the motion to direct a verdict as to both and each of counts 4 and 8.

(3) That the verdict and judgment are not supported by the evidence as to said counts 4 and 8.

(4) That both and each of said counts is insufficient and void.

Further facts appear in the opinion.

Benj. C. Bachrach, of Chicago, Ill., for plaintiff in error.

Harry A. Parkin, Henry W. Freeman, and James H. Wilkerson, all of Chicago, Ill., for defendant in error.

Before BAKER, SEAMAN, and KOHLSAAT, Circuit Judges.

KOHLSAAT, Circuit Judge (after stating the facts as above). The motion in arrest of judgment is based upon the contention that counts 4 and 8 of the indictment in question do not state an offense against the United States; that no offense against the statute is stated with certainty; that count 8 fails to charge that the act complained of was done with intent to defraud the United States, and contains no sufficient allegation that the tax had not in fact been paid when the acts charged to constitute the offense took place.

[1] Count 4 charges the violation of that clause of section 3296 wherein it is made a criminal act for any person to conceal or aid in the concealment of any distilled spirits upon which the tax has not been paid, and which have been removed to a place other than the distillery warehouse provided by law, in that it is charged that defendant unlawfully, knowingly, and willfully, and with intent to defraud the United States, did conceal and aid in the concealment of certain distilled spirits on which the tax had not been paid, and which had theretofore unlawfully been removed from the Illinois Fruit Distilling Company to defendant's place of business. The language follows the statute and accords with the language of the indictment approved by the Supreme Court in Pounds v. United States, 171 U. S. 35, 18 Sup. Ct. 729, 43 L. Ed. 62. The court says:

"The offense was purely statutory. In such case it is generally sufficient to charge the defendant with acts coming within the statutory description in the substantial words of the statute without any further expansion of the matter"—citing United States v. Simmons, 96 U. S. 360, 24 L. Ed. 819, and United States v. Britton, 107 U. S. 655, 2 Sup. Ct. 512, 27 L. Ed. 520.

The point there made was that the indictment failed to allege that there was a warehouse provided by law to which the spirits alleged to have been concealed should have been removed. The point made here is that count 4 does not charge that the spirits in question had theretofore been removed from a certain distillery to a place other than a distillery warehouse, with intent to defraud the United States.

In Miller v. United States, 136 Fed. 581, 69 C. C. A. 355, this court adopted the rule above quoted, but held that it did not apply to the facts of the case before it, since the defendant was there charged with knowingly and willfully procuring the presentation to the Commissioner of Pensions of a certain false and fraudulent affidavit without naming the person who made the presentation, or stating that his name was unknown, etc. .The indictment was therefore held insufficient under the rule laid down in United States v. Simmons, supra. Here no such condition exists. Defendant was fully advised by count 4 of the charge which he was required to meet. The allegations of the indictment under consideration in Bartlett v. United States, 106 Fed. 884, 46 C. C. A. 19, so differentiates that case from count 4 as to make the case inapplicable here.

The sufficiency of count 8 is challenged upon the grounds: (1) That it contains no direct averment that the revenue tax had not been paid. (2) That it contains no direct averment that defendant bought and received the distilled spirits with intent to defraud the United States. (3) That it lacks any averment that defendant knew that the said distilled spirits had been removed from the distillery to a place other than the distillery warehouse provided by law.

It is true that count 8 does not charge directly that the revenue tax on the distilled spirits had not been paid at the time of removal. The allegation is that the removal was made of distilled spirits on which the defendant "then and there well knew and had reasonable grounds to believe that the internal revenue tax then imposed by law had not been paid." In Bartlett v. United States, supra, defendant therein was charged with the commission of perjury, in that he made a false oath to a schedule, which he as a voluntary bankrupt filed in bankruptcy. The indictment charged that he knew his statement was not true, but that he "then and there well knew that, in addition to the said estate so set forth as aforesaid in the schedule aforesaid, he was then and there the owner of the sum of $5,000 in money," etc. This was held not to be an allegation that he owned other property than that scheduled; that it stated only a condition of mind of the accused, and was therefore insufficient—citing Harrison v. State, 41 Tex. Cr. R. 274, 53 S. W. 863, and three Kentucky cases. Sauser v. People, 8 Hun (N. Y.) 302; Prichard v. People, 149 Ill. 50, 36 N. E. 103. The sufficiency of an indictment must, in large part, be tested by the fact as to whether it accurately advises the defendant, as well as the court, of the acts of which the former is accused, so that he may make full defense thereto. Cochran & Sayre v. United States, 157 U. S. 290, 15 Sup. Ct. 628, 39 L. Ed. 704.

[2] In Bartlett v. United States, supra, defendant was not definitely advised as to what property he had omitted from his schedule, or that he had other property. He was charged with being of the mind that he had other property. It was of the essence of the charge against him that he should actually have other property. There must, in case of indictment for perjury, exist no material fact to be reached by way of inference or argument. In the present case the court follows section 3317 in its allegation with regard to the nonpayment of the tax. It left defendant in no uncertainty as to what, and just what, he was charged with. It may well be doubted whether the language, "with intent to defraud the United States," of section 3317, applies to the clause of the section upon which the indictment is laid. To unlawfully, knowingly, and willfully purchase distilled spirits which defendant knew or had reason to believe had been removed from a distillery to his own store without the payment of the internal tax thereon imports an intent to defraud the United States. The several respects in which defendant assails the two counts upon which he stands convicted, if open to objection, consist only in matters of form, and in no manner prejudice him. Granting that they are such, they come within the provisions of section 1025 of the Revised Statutes (U. S. Comp. St. 1901, p. 720), which reads:

"No indictment found and presented by a grand jury in any district or circuit or other court of the United States shall be deemed insufficient, nor shall the trial, judgment or other proceeding thereon be affected by reason of any defect or imperfection in matter of form only, which shall not tend to the prejudice of the defendant."

It is therefore held that the matters charged in said counts 4 and 8 severally constitute an offense against the United States as therein respectively set forth, and are respectively, sufficient in form to sustain the judgment of the district court thereon, and the several assignments of error in relation to sufficiency are held to be not well taken.

[3] It is defendant's contention that the only proof of the body of the offense or corpus delicti of count 4 of the indictment consists of uncorroborated confessions of the defendant. There is no denial of the claim that the distillery was illegally operated, nor is it disputed that the distilled spirits in question had been removed from the warehouse contrary to law, without payment of taxes thereon. Were it otherwise contended, the record abundantly establishes these facts. Neither is it disputed that defendant purchased goods of the distillery, the only controversy being whether defendant knew this, and, knowing it, concealed or aided in the concealment of the spirits here involved. The incriminating statements of defendant may not properly be called confessions. They were made from time to time to several persons, witnesses in this case, who were aiding in the acts complained of, as part of the res gestæ, with no intention of admitting a crime. True, the witnesses were also involved in the criminal acts, and to that extent, perhaps, not entitled to as full credence as might otherwise prevail. Their accounts, however, of the several transactions, together with their statements that they expected to be punished for their offenses, as though they had not given testimony, the many facts above recited, and the numerous earmarks of truth which attend them—the whole evidence considered—constitute convincing evidence of their veracity. The extrinsic corroborating circumstances set out in the record in our judgment are sufficient to establish the truth of defendant's declarations to the several witnesses, even though those declarations be taken as confessions. Thus the corpus delicti is clearly established.

"A conviction cannot be had on the extrajudicial confession of the defendant, unless corroborated by proof aliunde of the corpus delicti. Full, direct, and positive evidence, however, of the corpus delicti is not indispensable. A confession will be sufficient if there be such extrinsic corroborative circumstances as will, when taken in connection with the confession, establish the prisoner's guilt in the minds of the jury beyond a reasonable doubt." Flower v. United States, 110 Fed. 241, 53 C. C. A. 271; 6 Am. & Eng. Ency. of Law (2d Ed.) p. 582; Bines v. State, 118 Ga. 320, 45 S. E. 376, 68 L. R. A. 33.

We approve of the statement of the law and have given defendant the benefit of it. The evidence adduced, as shown by the record, to sustain the two counts of the indictment upon which trial was had, is ample to sustain the verdict of the jury. We find no error in the proceedings which might prejudice the defendant—certainly not after verdict rendered.

The judgment of the district court is therefore affirmed.