GORDNIER v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. January 5, 1920. Rehearing Denied February 9, 1920.)

No. 3334.

CRIMINAL LAW &⇒409—THAT DEFENDANT WHO FAILED TO REGISTER WAS WITHIN DRAFT AGES NOT ESTABLISHED BY AFFIDAVITS PREVIOUSLY MADE.

The willful failure and refusal of defendant to submit himself to registration according to the President's proclamation and Selective Draft Act May 18, 1917, § 5 (Comp. St. 1918, § 2044e), cannot be established solely by affidavits of defendant as to his age made long before the act

&⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

went into effect, even though they would undoubtedly be admissible, if there was proof that defendant was in fact of the age which he represented himself to be at the time the affidavits were made.

In Error to the District Court of the United States for the Southern Division of the Southern District of California; Oscar A. Trippet, Judge.

Thomas H. Gordnier was convicted of willful failure and refusal to present himself or to submit to registration according to the requirements of the President's proclamation and the Selective Draft Act, § 5, and he brings error. Reversed.

Geo. E. Downing, of Los Angeles, Cal., for plaintiff in error.

Robert O'Connor, U. S. Atty., and Gordon Lawson, Asst. U. S. Atty., both of Los Angeles, Cal.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge. The plaintiff in error was convicted under an indictment which charged him with willful failure and refusal to present himself for or to submit to registration, according to the requirements of the President's proclamation and of section 5 of the Selective Draft Act (Act May 18, 1917, c. 15, 40 Stat. 80 [Comp. St. 1918, § 2044e]). On the trial proof was made of certain statements made by the plaintiff in error shortly before he was accused of the offense, the purport of which was that he did not know whether he was then 45 or 46 years of age, that he was born at Coudersport, Pa., on August 19, 1872, or 1873, that he was opposed to war and that he would not register unless compelled to do so. In addition to these statements, evidence was introduced of two affidavits which he had made when registering as a voter, one of date March 12, 1906, in which he stated, "My age is 32 years [omitting fractions of years]," and one of April 9, 1908, in which he said, "My age is 34 years [omitting fractions of years]." There was also introduced an affidavit found in the official files of the county clerk's office of Los Angeles county, which was part of a petition under the Torrens Law, sworn to on December 1, 1915, in which the plaintiff in error stated that he was 42 years of age. Objection to these affidavits was interposed on the ground that the prosecution had failed to show the corpus delicti. At the close of the trial, on the ground that no competent proof had been offered to sustain the charge, the plaintiff in error requested that the jury be instructed to return a verdict of not guilty.

The plaintiff in error contends that no corpus delicti was shown, and that it was error to admit the affidavits in evidence whether they be regarded as admissions or confessions, and relies upon the rule which has been recognized in the courts of the United States, that to sustain a conviction, some sort of corroboration of a confession or admission is necessary. United States v. Boese (D. C.) 46 Fed. 917; United States v. Mayfield (C. C.) 59 Fed. 118; Flower v. United States, 116 Fed. 241, 53 C. C. A. 271; Naftzger v. United States, 200 Fed. 494, 118 C. C. A. 598; Rosenfeld v. United States, 202 Fed. 469, 120 C. C. A. 599; Breitmayer v. United States, 249 Fed. 929, 162 C. C. A. 127; Daeche v. United States, 250 Fed. 566, 162 C. C. A. 582; Goff

v. United States, 257 Fed. 294, —— C. C. A. ——. The affidavits which were introduced in evidence against the plaintiff in error were not confessions, and they can hardly be said to be admissions, not having been against interest at the time when they were made. Nor are they judicial admissions. They stand only as declarations of the accused made under oath at a time long prior to the enactment of the law under which he is here prosecuted. They would undoubtedly have been admissible in evidence, if there had been some proof tending to show that the plaintiff in error was in fact of the age which he represented himself to be at the time when they were made. In brief, the whole case against the plaintiff in error rests upon his affidavits. Unless he was within the prescribed age, he committed no crime by failing to register. The fact that he was subject to registration cannot be established beyond a reasonable doubt by the contents of the affidavits.

The judgment is reversed, and the cause is remanded for a new trial.