## MANGUM v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. May 7, 1923.)

No. 3925.

**1. Criminal law ⬅522(1)—Admissibility of confession.**

If a confession is induced by threats or violence or any undue influence, a subsequent confession is not admissible, unless it appears to the satisfaction of the court that the prior influences had ceased to operate on defendant's mind to bring about the later confession.

**2. Criminal law ⬅517(3), 1153(6)—Preliminary examination before admission of confession.**

Where a confession of defendant is offered in evidence, it becomes necessary for the trial court to ascertain and determine, as a preliminary question of fact, whether it was freely and voluntarily made, and whether a previous undue influence, if any, had ceased to operate on the mind of defendant, and in such determination the court is vested with a very large discretion, which will not be disturbed on appeal, unless an abuse thereof is shown.

**3. Criminal law ⬅535(2)—Evidence of corpus delicti to support confession of assault.**

In a prosecution for assault with intent to commit rape, where a confession of defendant is introduced, evidence aliunde as to the corpus delicti need not be such as alone to establish the fact beyond a reasonable

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

doubt; but it is sufficient if, when considered in connection with the confession, it satisfies the jury beyond a reasonable doubt that the offense was committed and that defendant committed it.

**4. Criminal law ⬦538(2)—Jury may convict on portion of confession and reject the balance as untrue.**

A jury is not compelled to believe every part of a confession by defendant, but may credit any part of it they deem worthy of belief and reject the remainder.

**5. Criminal law ⬦1038(3), 1056(1)—Requests necessary to predicate error on omissions in instructions..**

Error is not assignable because of omission to instruct on a point, when such instruction was not requested and the court's attention was not called to the omission by a specific exception.

In Error to the District Court of the United States for the District of Arizona; William H. Sawtelle, Judge.

Criminal prosecution by the United States against Robert Mangum. Judgment of conviction, and defendant brings error. Affirmed.

Ralph W. Langworthy, of Tucson, Ariz., for plaintiff in error.
Frederick H. Bernard, U. S. Atty., of Tucson, Ariz.

Before GILBERT and RUDKIN, Circuit Judges, and BEAN, District Judge.

BEAN, District Judge. The plaintiff in error was charged by an indictment in two counts with assault to commit the crime of rape and the commission of the crime. From the judgment which followed he brings this appeal.

The evidence on behalf of the government tended to show that on the afternoon of July 19, 1921, while the prosecutrix was horseback riding on a military reservation in Arizona, she suddenly met at a turn of the trail a negro soldier on a buckskin horse. The soldier immediately dismounted, grabbed the reins of the prosecutrix's horse, seized her, and notwithstanding her efforts to repulse him, dragged her from her horse, tore her clothing, bruised her body, threw her to the ground, and struggled with her until she became unconscious. When she regained consciousness, she was alone; but soon thereafter an officer of the post came along with her horse and that of her assailant, and she accompanied him home, where she informed her husband of her experience. He and other officers immediately took steps to identify and apprehend her assailant.

Investigation pointed to the plaintiff in error as the probably guilty party, and orders were issued for his apprehension; but he was not located until the following morning, when he was taken before his superior officers and interrogated. At first he denied any connection with the affair, but after repeated questioning, and admonitions to tell the truth, he admitted his guilt; but his language was so brutal that the officers naturally, although not justifiably, lost their tempers and assaulted him. He was taken before an examining magistrate, where he made a similar statement, and was thereupon committed to await the action of the grand jury. Upon his arrival at Tucson the same day, he was again interviewed by an agent of the Department of Jus-

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

tice, and asked, in the presence of some of the military officers and other persons, if he desired to make a statement, but was told that he did not have to do so unless he wanted to, and, without any threats, or promises of immunity, or inducements of any kind, he made a statement similar to that previously made to the military officers. After he had been confined in the county jail with other prisoners for about six weeks, he was again interviewed by an agent of the Department of Justice in the presence of a deputy marshal, when the seriousness of the alleged offense was pointed out to him and he was told that, while he did not have to make any statement, unless he desired to do so, if there was anything he wanted to say, or if he had any excuse or reason to offer in mitigation of his conduct or material to his defense, it would be investigated. He thereupon for the first time gave a detailed account of his actions, conduct, and movements on the day of the assault. Before doing so, he was warned of his rights. There was no offer of immunity or reward, and no threats or violence used.

The evidence in relation to these several confessions was heard by the court without the presence of the jury, and after such hearing it ruled that none of them were admissible in evidence, except the one made to the agent of the Department of Justice, some five or six weeks after the plaintiff in error had been committed to the county jail. This latter ruling is assigned as error, on the ground that the confession was not freely and voluntarily made, but was the result of coercion and improper influence.

[1, 2] The general rule is undisputed that a confession, in order to be admissible in evidence, must have been freely and voluntarily made, and not extracted by any sort of threats or intimidation, nor obtained by any direct or implied promise, nor the result of any improper influence. Bram v. U. S., 168 U. S. 532, 18 Sup. Ct. 183, 42 L. Ed. 568; Sorenson v. U. S., 143 Fed. 820, 74 C. C. A. 468; Purpura v. U. S. (C. C. A.) 262 Fed. 473; Murphy v. U. S. (C. C. A.) 285 Fed. 801. And if a confession is induced by threats or violence or any undue influence, a subsequent confession is not admissible, unless it appears to the satisfaction of the court that the prior influences have ceased to operate on the defendant's mind to bring about the later confession. People v. Loper, 159 Cal. 6, 112 Pac. 720, Ann. Cas. 1912B, 1193. But where on the trial of a criminal case a confession of the defendant is offered in evidence it becomes necessary for the trial court to ascertain and determine as a preliminary question of fact, whether it was freely and voluntarily made, and whether the previous undue influence, if any, had ceased to operate upon the mind of the defendant. In doing so, the court is necessarily vested with a very large discretion, which will not be disturbed on appeal, unless a clear abuse thereof is shown. State v. Rogoway, 45 Or. 601, 78 Pac. 987, 81 Pac. 234, 2 Ann. Cas. 431; State v. Squires, 48 N. H. 364. The trial court was extremely careful to hear and consider all the evidence and circumstances surrounding the alleged confessions, and after such hearing concluded and found that the last one was freely and voluntarily made, and as such was admissible, and no sufficient reason appears why its ruling should be disturbed.

[3] It is, notwithstanding, contended that the confession was not supported by independent evidence of the corpus delicti; but the testimony of the prosecutrix and other witnesses of the government was amply sufficient for that purpose. The prosecutrix testified that she was assaulted by a negro soldier upon a mountain trail within a military reservation, and, dragged from her horse, thrown violently to the ground, portions of her clothing torn, notwithstanding she made every effort to fight off her assailant. This evidence, together with other corroborating evidence was manifestly sufficient, independent of the confession, to warrant the jury in finding that her assailant was guilty of an assault with intent to commit rape. His acts and conduct pointed to the felonious intent to ravish as charged in the indictment. No other motive could reasonably be attributed to the conduct of such an assailant. Evidence aliunde, however, as to the corpus delicti, need not be such as to alone establish the fact beyond a reasonable doubt. It is sufficient if, when considered in connection with the confession, it satisfies the jury beyond a reasonable doubt that the offense was in fact committed, and the plaintiff in error committed it. State v. Rogoway, supra; Flower v. U. S., 116 Fed. 241, 53 C. C. A. 271; Rosenfeld v. U. S., 202 Fed. 469, 120 C. C. A. 599.

[4] It is claimed, also, that since the prosecutrix testifies that the assailant did not accomplish his purpose, while the defendant's confession was to the contrary, he was thereby compelled by the admission of such confession to accuse himself of a crime of which there was no other proof, and the confession, being false in part, was inadmissible for any purpose. The court charged the jury that it could not convict the plaintiff in error of rape for want of evidence. There was, however, as we have already pointed out, sufficient proof, independent of the confession of the plaintiff in error, of an assault with intent to commit the crime. The jury was not compelled to believe every part of the confession of the plaintiff in error, but could attach such credit to any part thereof as it deemed worthy of belief and reject the remainder. The whole confession, of course, was given in evidence; but the jury had a right to judge of the truth of it or any part of it, and obviously the crime of rape could not be committed without an assault with intent to commit it. After the confession to the representative of the Department of Justice had been admitted, evidence was given by the plaintiff in error, and the government in rebuttal thereof, concerning the previous statements of the plaintiff in error, the facts surrounding them, and how they were obtained.

[5] It is insisted that the court erred in not instructing the jury that, if they did not believe the confessions had been freely and voluntarily made, they might wholly disregard them. But no such instruction was requested, nor was the attention of the court called to its failure in that regard, if such is the fact. The court charged the jury at length concerning the confessions, their admissibility, and the effect to be given to them, and the only exception is "to the court's instruction as to the confessions of the defendant, both as to their voluntary character and as to their admissibility without independent proof of the crime confessed," which is manifestly not sufficient upon which to

base the point contended for. If counsel was of the opinion that the instructions were not sufficiently definite upon any particular matter, he should have called the court's attention to it at the time.

It follows that the judgment should be affirmed; and it is so ordered.