## PEARLMAN v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. February 1, 1926.)

### No. 4585.

1. **Criminal law** �köö736(2)—Admissibility of extrajudicial statements question for determination of trial court.

Admissibility of extrajudicial statements of defendant, freely and voluntarily made, is a question for trial court to determine, in exercise of sound discretion.

2. **Criminal law** �köö532(2)—Statements of defendant held properly admitted.

Trial court *held* not to have abused discretion in admitting statements of defendant, made out of court freely and voluntarily.

3. **Criminal law** �köö535(2)—Evidence held sufficiently to corroborate admissions of defendant.

Evidence that defendant had crossed continent with car, that he sold it as his property, and that it carried false number, tended to prove corpus delicti, and corroborated admissions of defendant.

4. **Automobiles** �köö355—Evidence held to sustain conviction for transporting stolen automobile in interstate commerce.

Evidence *held* sufficient to sustain conviction for transporting in interstate commerce a stolen automobile, in violation of section 3, National Motor Vehicle Theft Act (Comp. St. Ann. Supp. 1923, § 10418d).

In Error to the District Court of the United States for the Southern Division of the Northern District of California; Adolphus F. St. Sure, Judge.

David Pearlman was convicted of transporting in interstate commerce a stolen automobile, knowing it to have been stolen, in violation of National Motor Vehicle Theft Act, § 3, and he brings error. Affirmed.

The defense was that there was no proof establishing the corpus delicti, except certain admissions made by the defendant, introduced in evidence over the objection of the defendant.

Edward A. Cunha, of San Francisco, Cal., for plaintiff in error.

Geo. J. Hatfield, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal.

Before HUNT, RUDKIN, and MORROW, Circuit Judges.

MORROW, Circuit Judge. Plaintiff in error, defendant in the court below, was indicted for a violation of section 3 of the National Motor Vehicle Theft Act of October 29, 1919 (41 U. S. Stat. 324 [Comp. St. Ann. Supp. 1923, § 10418d]). The indictment charged that the defendant, on or about July 28, 1922, in violation of section 3 of the National Motor Vehicle Theft Act of October 29, 1919, did unlawfully and knowingly transport in interstate commerce, to wit, from the city of New York, in the state of New York, to San Francisco, Cal., a certain motor vehicle, to wit, a Cadillac automobile, motor No. 18664; said defendant then and there well knowing that at the time of said transportation the said motor vehicle had been stolen. To this indictment defendant pleaded not guilty.

The single question for this court to determine upon this writ of error is whether the proofs of the government measure up to the rule that there must be testimony tending to prove the corpus delicti independent of any confession of defendant. The automobile described in the indictment is a Cadillac automobile, motor bearing the number 18664, and was identified by witnesses as a Cadillac Sedan of the model of 1922.

Defendant claimed to have purchased the car in New York City in front of Brown's Auction House; that from New York City he went to Salt Lake City, and from there he proceeded to Los Angeles, and subsequently to San Francisco. On September 6, 1922, he sold the car in San Francisco to one Henry R. Leong, a Chinaman engaged in the automobile business, for $2,100 in cash, and in addition to the cash Leong gave him a Cadillac of the model of 1917. Leong took the Cadillac purchased from the defendant (model of 1922) to the state motor vehicle department to obtain a license. He there met M. L. Britt, the special agent of the Automobile Underwriters, inspector of the state motor vehicle department, to whom Leong applied for a registration in his (Leong's) name. Britt testified that he made an inspection of the motor number on the car, and found that it appeared to be engine No. 18664, which he knew could not be a Cadillac engine number.

Britt testified that it would have been impossible for a 1922 Cadillac sedan to have had the engine No. 18664. The witness subsequently identified the true motor number of the car as 61–A–130. He was able to make this identification through a secret unit number.

Britt thereupon took possession of the car, and notified the detectives of the San Francisco auto detail. With them he visited Fourth and Townsend streets, San Francisco (freight depot of the Southern Pacific Company), and found the Cadillac car which Leong had traded to the defendant. The party then proceeded to San Jose in the Cadillac sedan sold by the defendant to Leong. In San Jose the party found the defendant, who was taken to the police department and searched. The defendant was found to have in his possession the sum of $600. He was asked what had become of the $2,100 which had been given him by Leong. The defendant said he owed a party $1,500, and he forwarded it to him that day. He was then asked about the Cadillac car, which had been abandoned at Fourth and Townsend streets, San Francisco, and he said: "Well, you have me, and that's all there is to it." In further conversation between Britt and his party with the defendant, he stated that he had purchased the Cadillac sedan in New York in front of Brown's Auction House, and that he paid $1,000 for it.

The defendant admitted in San Francisco to S. J. Adams, a special agent of the Department of Justice, that he, the defendant, did not know it was a stolen car until a few days after he left New York. There was evidence that the defendant stopped at the Newhouse Hotel in Salt Lake City from August 10, 1922, to August 12, 1922, checking out at the latter date.

[1] It is contended, on behalf of the defendant, that there was no evidence to prove the corpus delicti, except these extrajudicial statements of defendant. These statements were freely and voluntarily made, and without any previous inducement or by reason of any intimidation or threat. People v. Siemsen, 153 Cal. 387, 394, 95 P. 863. The admissibility of such evidence was a question for the trial court to determine, in the exercise of a sound discretion. Hopt v. Utah, 110 U. S. 574, 583, 4 S. Ct. 202, 28 L. Ed. 262.

[2] We find nothing in the proceedings or in the testimony indicating that the court abused that discretion in admitting the defendant's statements. In Hopt v. Utah, supra, the Supreme Court of the United States,

on page 584 [4 S. Ct. 207), concerning the confessions of an accused, said:

"A confession, if freely and voluntarily made, is evidence of the most satisfactory character. Such a confession, said Eyre, C. B., 1 Leach, 263, 'is deserving of the highest credit, because it is presumed to flow from the strongest sense of guilt, and therefore it is admitted as proof of the crime to which it refers.' Elementary writers of authority concur in saying that, while from the very nature of such evidence it must be subjected to careful scrutiny and received with great caution, a deliberate, voluntary confession of guilt is among the most effectual proofs in the law, and constitutes the strongest evidence against the party making it that can be given of the facts stated in such confession" —citing 1 Greenleaf, Ev. § 215; 1 Archbold, Cr. Pl. 125; 1 Phillips' Ev. 533, 534; Starkie, Ev. 73.

But is the evidence sufficient to establish the corpus delicti, aside from the admissions of the defendant? He claimed to have purchased the car in New York in front of Brown's Auction House, paying $1,000 for it, but admitted that, a few days after he left New York, he knew the car was a stolen car, and when asked about the Cadillac car which was abandoned at Fourth and Townsend streets, San Francisco, he said: "Well, you have me, and that's all there is to it."

[3] The evidence that defendant had crossed the continent with this car, and it was in his possession in San Francisco, that he sold it as his property to Leong, and that it carried a false number, tended to prove the corpus delicti, and corroborates the defendant's admission that it was a stolen car, and that the officers "had him, and that was all there was to it." We find the general rule to be as stated by Judge Learned Hand, in the Circuit Court of Appeals in the Second Circuit, Daeche v. United States, 250 F. 566, 571, 162 C. C. A. 582, 587:

"Any corroborating circumstances will serve which in the judge's opinion go to fortify the truth of the confession. Independently they need not establish the truth of the corpus delicti at all, neither beyond a reasonable doubt nor by a preponderance of proof" —citing U. S. v. Williams, 1 Cliff. 5, 28 Fed. Cas. 636, No. 16,707; Flower v. U. S., 116 F. 241, 53 C. C. A. 271; People v. Badgley, 16 Wend. (N. Y.) 53; People v. Jaehne, 103 N. Y. 182, 199, 8 N. E. 374; Ryan v. State, 100 Ala. 94, 14 So. 868; People v. Jones, 123 Cal. 65, 55 P. 698.

This rule was followed in this court in Mangum v. United States, 289 F. 213, 216, where we said:

"Evidence aliunde, however, as to the corpus delicti, need not be such as to alone establish the fact beyond a reasonable doubt. It is sufficient if, when considered in connection with the confession, it satisfies the jury beyond a reasonable doubt that the offense was in fact committed, and the plaintiff in error committed it"—citing State v. Rogoway, 45 Or. 601, 78 P. 987, 81 P. 234, 2 Ann. Cas. 431; Flower v. U. S., 116 F. 241, 53 C. C. A. 271; Rosenfeld v. U. S., 202 F. 469, 120 C. C. A. 599.

In the instant case the court charged the jury: "The law presumes a defendant charged with crime innocent until proven guilty beyond a reasonable doubt. This presumption remains with the defendant, and will avail to acquit him unless overcome by proof of his guilt beyond a reasonable doubt. If you can reconcile the evidence before you upon any reasonable hypothesis consistent with the defendant's innocence, you should do so, and in that case find such defendant not guilty."

[4] This instruction was repeated in substance by the court with respect to the question whether defendant had knowledge at the time of the transportation that the car had been stolen. The jury was fully advised as to all questions submitted to it for consideration in reaching a verdict. It follows that we are of the opinion that the evidence was sufficient to sustain the verdict of the jury and the judgment of the court.

The judgment of the court is accordingly affirmed.