## WALLACE v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit.  June 29, 1923.)

No. 3800.

1. **Criminal law ⚖️386—Evidence held sufficient to identify other party to telephone conversation.**

Even though a witness for the government could not identify the voice of the other party to a telephone conversation as that of defendant, and the claim of the other party to be the defendant was incompetent for that purpose, evidence that some of the conversations were in response to a call by the witness for the defendant at his own telephone, and the witness' husband also testified to conversations with defendant whom he did identify over the same telephone, and a government witness, who tapped the wires, heard the party purporting to be defendant ask the witness to call her husband, who did identify defendant as the party, was sufficient evidence of identification to entitle the witness to testify as to the conversations.

2. **Criminal law ⚖️762(2)—Charge must be impartial and not argumentative.**

While, under proper conditions, the trial judge may express his opinions and the reasons for them and discuss the testimony, his charge must remain upon the whole impartial, dispassionate and judicial, and must not be argumentative to a degree which makes it characteristically an act of advocacy.

3. **Criminal law ⚖️762(3)—Repeated references to defense as a subterfuge held error.**

A charge by the trial judge in which he four times referred to the defense as a subterfuge was a disparagement of the defense and not a judicial discussion of the issues and was reversible error, notwithstanding a statement the jury were not to be bound thereby.

4. **Criminal law ⚖️814(18)—Misstatement of evidence held to render charge erroneous.**

A statement in the charge that if the testimony of a witness, whose husband received the bribe, as to telephone conversations, was not true, then the testimony of government agents who listened in on the conversation was not true, was erroneous, where the agent listening in testified to none of the conversations directly implicating defendant which were testified to by the other witness.

In Error to the District Court of the United States for the Western District of Tennessee; J. W. Ross, Judge.

Andrew Wallace was convicted of bribing a deputy United States marshal, and he brings error.  Reversed and remanded.

Charles M. Bryan, of Memphis, Tenn. (A. G. Brode and Prewitt Semmes, both of Memphis, Tenn., on the brief), for plaintiff in error.

S. E. Murray, U. S. Atty., of Memphis, Tenn. (W. H. Fisher and A. A. Hornsby, both of Memphis, Tenn., on the brief), for the United States.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

DENISON, Circuit Judge.  The plaintiff in error was convicted upon an indictment charging him with bribing Taylor, a deputy United States marshal, to permit Wallace to bring intoxicating liquor into Tennessee in violation of the Reed Amendment (39 Stat. 1069 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 8739a]).  The case was a compan-

⚖️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ion one to those discussed in the opinions this day filed in the cases of Tuckerman et al., where the general facts are more fully stated.

[1] Only two substantial questions arise here which are not sufficiently discussed in some of the accompanying opinions. The first is regarding the admissibility of telephone conversations. Mrs. Taylor (formerly Mrs. Harris) was allowed to testify regarding statements of importance supposed to have been made to her by Wallace over the telephone, though she was not acquainted with him and did not know his voice. As the case developed, defendant would have been entitled to instructions that this testimony could not be used against Wallace merely because the person speaking purported to be Wallace, but no such restrictive ruling was asked; and upon the whole case the evidence was admissible. Taylor had already testified to conversations with Wallace over this same telephone which Mrs. Taylor used, and had linked up information, given or received by Mrs. Taylor by telephone, with these personal conversations on the same subject matter between Taylor and Wallace. It further appeared that some of the conversations were in response to a call by Mrs. Taylor for Wallace at his own telephone, and appeared by another witness, who was "listening in," that at one time a person purporting to be Wallace told Mrs. Taylor to call Mr. Taylor to the telephone and that he came and continued the talk with Wallace; and Taylor's capacity to identify Wallace over the telephone was not questioned. Under these circumstances there was no prejudicial error in the admission, even though some of the justifying conditions were developed later in the trial; but even at that very time the evidence was admitted we think there was enough to permit the jury to infer that the person speaking at the other end was Wallace, under the rules, as stated in Wigmore on Evidence, vol. 3, § 2155, and as carefully considered in Theisen v. Taxicab Co., 200 Mich. 136, 140–146, 166 N. W. 901, L. R. A. 1918D, 715. See, also, the opinion filed herewith in Robilio et al. v. U. S. (No. 3792, C. C. A.) 291 Fed. 975.

The other question relates to the charge of the court, which is said to have gone further than permissible in inducing the jury to adopt the opinions and views of the judge. This subject, also, is quite fully considered in the accompanying Tuckerman Case (C. C. A.) 290 Fed. ——; but the charge here is in this respect distinctly more extreme than in that case, and we are compelled to think went beyond the permitted limits. The charge which was upheld in the Tuckerman Case seems to typify about as much of argument and expression of opinion as any of the precedents justify; while this one repeats most of the things objected to in that case, with additions to be mentioned.

[2] We understand the net effect of the decisions to be that while, under proper conditions, the judge may express his opinions and the reasons for them, and discuss the testimony, his charge must remain, upon the whole, impartial, dispassionate and judicial, and must not be argumentative to a degree which makes it characteristically an act of advocacy. See authorities reviewed in the Tuckerman opinion. For a trial judge to do what may well seem to him his full duty in this direction, and not unconsciously be carried too far, may often be

difficult; nor can a reviewing court draw any arbitrary line. The rule above stated must be applied as well as may be in each case.

[3] In this case, there was a clear issue of veracity. Mr. Taylor testified to the payment of the bribe and Mrs. Taylor stated confirmatory circumstances. Defendant absolutely denied any connection whatever with anything of the kind. In this situation the court said:

> "And, so far as I am concerned, I think this defendant is guilty of this charge, but that is a matter not for me to determine, but for you to determine, gentlemen, uninfluenced in any way by my opinion. In other words, gentlemen, you are not to be misled or deceived by any subterfuge which may be resorted to by the defendant for the purpose of escaping the penalty of the law when he is placed on trial, and you are to weigh the testimony in the light of reason and common sense to see whether or not it is the truth which is being offered by the government in evidence to convict, or whether or not the defense offered is a mere subterfuge to escape punishment, and, if you decide it is a mere subterfuge and you are so convinced beyond a reasonable doubt, then, as a matter of course, you will not let that subterfuge govern you in this case, but you will arrive at the truth of the controversy you are trying."

It is not clear just what the court referred to as a subterfuge; probably some theory put forward by defendant in argument. Whatever the intended reference might have been, the suggestion that the defense was only a subterfuge was repeated four times and could not have failed to impress the jury. It was a disparagement of the defense; and we cannot regard it as that judicial discussion of the issues which alone is permitted in connection with the expression of the judge's opinion.

[4] It was further said in the charge to the jury:

> "Furthermore, if it had not been the truth as Mrs. Taylor testified about these telephone conversations, then, gentlemen, the testimony of the government witness must also be untrue as to having heard conversations pass back and forth between the parties."

We think this comment can hardly be justified. Mrs. Taylor testified to conversations between her and Wallace, directly incriminating him. The government's witness overheard no such conversation; but only confirmed that there was some talk between them. There was abundant room for the testimony of this witness to be true and yet for substantial parts of Mrs. Taylor's testimony on this subject to be untrue. We do not hold that an error by the judge in reciting the testimony, or in stating the substance of what a witness says, is of itself fatal or even necessarily very important, but in considering whether the charge, taken altogether, is argumentative in undue degree, such an error may become an important element in the conclusion.

While the charge here given carefully cautioned, by repeated statements, that whatever the judge said must be taken as an expression of his opinion only, and was not binding upon the jury, which was told that the responsibility rested on it for deciding the disputed facts, yet on account of the necessary effect of these two quoted portions of the charge, we must classify it with those which were condemned by this court in Sandals v. U. S., 213 Fed. 569, 573, 130 C. C. A. 149, and

Shaffer v. West Tenn. Co. (C. C. A.) 271 Fed. 820, 824, and by the Supreme Court in Starr v. U. S., 153 U. S. 614, 626, 14 Sup. Ct. 919, 38 L. Ed. 841.

For this reason the judgment must be reversed, and case remanded for a new trial.