## PARKER v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. December 3, 1924.)

No. 4050.

Criminal law ☞762(3)—Instruction of judge belittling defense held prejudicial error.

Where evidence in prosecution for transporting female for illicit purposes was sharply conflicting and defendant contended that he left the state to get away from his paramour and that she followed him, an instruction belittling such defense *held* beyond permissible limit of

fair comment, and prejudicial error was not avoided by informing jury they need not adopt judge's opinion.

In Error to the District Court of the United States for the Western District of Tennessee; J. W. Ross, Judge.

Sam Parker was convicted of violation of the Mann Act, and he brings error. Reversed and remanded.

A. B. Galloway, of Memphis, Tenn. (A. E. Weinstein, of Memphis, Tenn., on the brief), for plaintiff in error.

W. H. Fisher, Asst. U. S. Atty., of Memphis, Tenn. (S. E. Murray, U. S. Atty., and A. A. Hornsby, Asst. U. S. Atty., both of Memphis, Tenn., on the brief), for the United States.

Before DENISON, MACK, and DONAHUE, Circuit Judges.

PER CURIAM. On a prosecution under the Mann Act (Comp. St. §§ 8812–8819), it appeared without dispute that the prosecuting witness, a girl of 17, had been having sexual relations with a young man who introduced her to the defendant, a youth of 20, though married; that shortly after their first meeting she and defendant began and continued illicit sexual relations for about two months; that both then went from Tennessee into Illinois, where they lived together for several weeks and represented themselves to be man and wife. Both were witnesses at the trial. The only matter up to this point in dispute between them was whether he had gone to Illinois to get away from her and she had followed without his knowledge, or whether they had gone together at his request and at his expense. Which one told the truth on this point was the vital issue.

It was further admitted that after both had returned and after this prosecution was commenced they again lived together a few days. When the matter first came to the attention of the Department of Justice, she gave the investigator a sworn statement in line with her testimony on the trial. Ten days later the defendant procured from her an affidavit that she followed him to Illinois without his aid or knowledge. After the indictment she wrote defendant's father a letter offering to go away and "get Sam out of trouble" if the father would pay the money required by some unnamed boy, who would marry her on that condition. On the other hand, there were circumstances tending to support her story and to discredit de-

fendant as a witness. The defendant offered evidence tending to prove that she was of bad repute for chastity prior to the time he became acquainted with her. This evidence was excluded. There were 12 witnesses at the trial. It lasted during the day. The charge was felony, and resulted in conviction and sentence of a year in the penitentiary. The importance of the issues and the conflict of proofs did not justify summary treatment. Defendant's counsel was allowed only 20 minutes for argument.

In this environment the court, after fairly stating the conflicting claims and having referred to defendant's contention that the girl had followed him to Illinois, charged the jury: "If (that) is a reasonable contention to you, you are warranted in so regarding it; if you think it is an unreasonable contention, then you may or may not give it such consideration as you think proper. To me it is wholly unreasonable. I don't know how this government witness impressed you jurors. She impressed me as being a girl perhaps easily persuaded, being a girl whose environments had been such as that she might fall an easy victim to the persuasions of designing men. Now, that is simply how she impressed me, and you gentlemen are not to be influenced by my impressions concerning her. Personally I would rather believe the girl who had been wronged than the man who would desert his wife and children to wrong her; but that is another impression that is personal to me, and which you are not to regard in any way whatsoever, or for any purpose."

Under all the recited circumstances, we are compelled to think this portion of the charge to have the aspect of argument and advocacy beyond the permissible limit. Wallace v. U. S. (C. C. A.) 291 F. 972, and cases cited. (The Wallace Case was decided after the trial of this case.) An objection in this respect is not necessarily removed by the formal statement that the jury was under no obligation to adopt the judge's opinion; indeed, that statement may well be put in such a form as to imply disparagement of the jury's intelligence if it does not agree with the judge; the present charge does not lack that atmosphere.

As to the other errors alleged, we conclude, either that the assignments are not supported, or are not of sufficient importance to justify discussion.

The judgment is reversed and the cause remanded for new trial.