**STROUD et al. v. UNITED STATES.**

(Circuit Court of Appeals, Sixth Circuit. December 8, 1924.)

No. 4127.

1. **Criminal law ⟊364(5)—Spontaneous declarations of innocence by defendant at time of arrest admissible as part of res gestæ.**

A spontaneous statement by persons arrested with whisky in their possession, disclaiming ownership and claiming possession to be innocent, is admissible in their defense as part of the res gestæ.

2. **Criminal law ⟊762(5)—Instruction, commenting on defendants' failure to protest innocence when arrested, not error.**

In prosecution for possession and transportation of intoxicating liquors, comment by judge on defendants' failure, when arrested, to disclaim ownership, or assert that possession was innocent, held not erroneous, though court expressed his opinion of defendants' guilt, where he cautioned jury not to be influenced by such opinion, but to determine for themselves defendants' guilt or innocence.

In Error to the District Court of the United States for the Western District of Tennessee; J. W. Ross, Judge.

O. P. Stroud and others were convicted of possession and transportation of intoxicating liquor, and they bring error. Affirmed.

Wm. R. Harrison, of Memphis, Tenn., for plaintiffs in error.

W. H. Fisher, Asst. U. S. Atty., of Memphis, Tenn. (S. E. Murray, U. S. Atty., and A. A. Hornsby, Asst. U. S. Atty., both of Memphis, Tenn., on the brief), for the United States.

Before DONAHUE, MACK, and KNAPPEN, Circuit Judges.

PER CURIAM. Plaintiffs in error were convicted upon an indictment under the Volstead Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) containing two counts, charging, respectively, the possession and transportation of whisky. When arrested, about 1 or 2 o'clock a. m., the three defendants were in an automobile which also contained 15 gallons of whisky—the containers being inclosed in sacks—together with a gun. On the trial Yarbrough testified that while he was walking to Rialto, about 1 o'clock, to see one Archer, he was overtaken by an automobile containing Munson and Stroud, and accepted the latter's invitation to ride; that there was also another person in the car, whom he did not know; that when they reached Rialto this other person immediately left the car, saying, "Wait a minute;" that thereupon plaintiffs in error were placed under arrest. Yarbrough asserted he had seen no whisky in

STROUD v. UNITED STATES


Stroud's car, and had not known there was any there. Defendant Munson testified that he and Stroud had started on a fishing trip; that no one was with them until they overtook a man with a broken-down car, who asked and was given permission to ride with them, and who thereupon placed in the car some packages, which the latter left at Rialto, saying, "Wait a minute." Munson further stated he knew the packages were in the car, but did not know that they contained whisky; also that he and Stroud took along the rifle to hunt squirrels, he expecting to spend a couple of days at a lake. Both Yarbrough and Munson claimed not to know the identity of the person said to have put the packages in the car. No one else testified to seeing him. The deputy sheriff who made the arrest testified that when the car stopped it contained but three men, that he saw no fourth person walk away, and that he could have told it had it happened. It did not appear that either defendant made at the time of the arrest any statement or explanation concerning the whisky, by way of accounting for its possession or otherwise.

In his charge the judge made the statement printed in the margin.[1] Complaint is made of this (the only alleged error relied upon) on the grounds, which we state in inverse order to that given in the brief of plaintiffs in error, that the explanation made would have been incompetent as evidence, being a self-serving declaration, and should and would have been excluded by the court from consideration; that defendants were not required to explain or discuss their defense at the time of their arrest, and no

presumption could be indulged against them for failure to do so; and that the court's language transgresses the latitude allowed in comment on the evidence.

[1, 2] We think each of these propositions without merit as applied to the situation presented. A spontaneous statement by defendants, when arrested with the whisky in their possession, that it was not theirs, and of their innocent possession of it, would fall squarely within the elementary rule that impulsive and instinctive assertions of innocence, made by one when charged with a crime and as part of the res gestæ, are admissible in his own behalf. We need only refer to excerpts from certain text-book quotations contained in the brief of plaintiffs in error.[2]

The court's charge did not base a presumption of guilt against defendants upon a construction of the law. No instruction was given concerning legal presumption, erroneous or otherwise. At the most, the judge's comments related to what he thought were natural inferences of fact from defendants' failure to assert their innocence. Presumably he should be understood as stating only what, in substance and effect, he thought innocent defendants would naturally have said. To quote again:

"The prevailing rule seems to be that whether or not conduct or silence is acquiescence is a question of fact for the jury, and the trial court cannot determine, *as a question of law*,[3] that it amounted to an admission. It is clear that no particular conduct or acquiescence can be classed as constituting a proper or improper admission, and hence it is practically impossible for a court to charge, *as a matter of law*,[3] what conduct or acquiescence constitutes or does not constitute admission." Wharton's Criminal Evidence, supra, vol. 2, § 683a.

As to the court's expression of opinion— the question is whether it falls within the Wallace Case, 291 F. 972, where this court held that a charge which four times referred

---

[1] "Furthermore, it occurs to me, if these men had been innocent of the charge of having whisky and transporting whisky, and had had a man in this car who had put some things in there and they did not know what it was, that when the officers came upon them and when Yarbrough, who, it is said, knew they were officers, that it would have comported more with the conduct of an innocent man to have said to those officers and to his cousin, 'I came down here to see Archer; I don't know anything about what is in this car; I had nothing to do with it,' and for those other men to have said, 'It is none of our whisky, you take it; a stranger whom we accommodated by giving him a ride in our car, bringing him to Rialto, where he said he wanted to go, but got out and left the car; it is not ours, and we know nothing about it.' That looks to me would have been reasonable. Ask yourselves whether it would or would not. It is for you to say, not me, and it is for you to determine it, irrespective of my conclusions about it. In other words, gentlemen, I think the defendants, all three, are guilty; but that is just my opinion about it. You gentlemen are not to be influenced by it, and must determine it for yourselves, upon your own opinion about the guilt or innocence of the defendants."

[2] "Res gestæ are events speaking for themselves, through the instinctive words and acts of participants, but are not the words and acts of participants when narrating the events. What is said or done by participants under the immediate spur of a transaction thus becomes part of the transaction, because it is then the transaction that thus speaks." Wharton's Criminal Evidence (10th Ed.) vol. 1, § 262. And see Id. § 266. And again: "A defendant's explanation, immediately upon stolen goods being found in his possession, are admissible, and so are the defendant's utterances, when his right was first called in question, as well as those made at the commission of the offense charged." Id. vol. 2, § 961.

[3] Italics ours.

to the defense as a subterfuge was a disparagement of the defense and not a judicial discussion of the issues, or whether it is ruled by the Tuckerman Case, 291 F. 958, where the same court held the charge not to violate the rule requiring that the judge's comment, by way of expression on the facts, be judicial and dispassionate, and so carefully guarded that the jurors, who are the triers of the facts, may be left free to exercise their independent judgment. We think the instant case in that respect falls within the Tuckerman Case.

The judgment of the District Court is affirmed.