UNITED STATES of America, Plaintiff-Appellee,

v.

James Harrison SMITH, Defendant-Appellant.

No. 18331.

United States Court of Appeals Sixth Circuit.

Sept. 10, 1968.

Terrence R. Fitzgerald, Louisville, Ky., (court appointed) for appellant.

John L. Smith, Asst. U. S. Atty., Louisville, Ky., for appellee; Ernest W. Rivers, U. S. Atty., Louisville, Ky., on brief.

Before PHILLIPS, EDWARDS, and McCREE, Circuit Judges.

McCREE, Circuit Judge.

This is an appeal from conviction of a willful and knowing failure to perform a duty required under the Universal Military Training and Service Act, 50 U.S.C. App. § 462.

Appellant, who was initially classified 1-A, appealed that classification and on September 24, 1965, was accorded a 1-O classification in recognition of his claim of conscientious objection as a Jehovah's Witness. On December 9, 1965, as the result of a pre-induction physical examination, he was classified 1-Y (Physical Disability). On July 18, 1966, he was ordered to report for another physical examination after which he was found acceptable for induction. Thereafter, on September 10, he was again classified 1-O and was unsuccessful in his appeal to retain the 1-Y classification. He refused to make a choice from the proffered options of civilian work to perform in lieu of induction on the grounds that acceptance of any such work would be in conflict with and constitute a compromise of his religious principles. On March 20, 1967, he was ordered to report on April 4 to Central State Hospital, Anchorage, Kentucky, "to remain in employment for twenty-four (24) consecutive months or until * * * released * * * by proper authority."

He reported to Marcus G. Yancey, Personnel Director of the hospital, completed an application for employment, and discussed his religious beliefs. Appellant testified that when he announced his intention to leave the director told him, "Well, I can't do anything one way or the other. If you want to go you can go." The director in his testimony did not recall what he said to appellant and did not think he told him anything. He acknowledged that he did not advise him of the consequences of leaving. "I can't tell him whether he can or cannot come or go or anything." In any event, appellant left the hospital and did not return. He was subsequently indicted, tried, found guilty by a jury, and sentenced to a term of five years.

The appeal presents three questions, the first two of which we find to be without merit. First, appellant contends that he was denied the right to discover the names and addresses of the physicians and technicians who conducted the physical examination upon which his 1-Y classification was changed. It is unnecessary to determine whether he had such a right because it appears from the record that the entire Selective Service file was made available to his counsel for inspection and that he thus had access to the requested information.

Appellant's second contention is that he was entitled to a directed verdict of acquittal on the ground of insufficiency of the evidence. Upon addressing himself to the motion for acquittal, the trial judge was required to view the evidence and permissible inferences therefrom in the view most favorable to the Government. United States v. Gaines, 353 F.2d 276 (6th Cir. 1965). On this view, the jury might have discredited appellant's assertion that he believed he had been released as he testified at the trial and the issue of willful disobedience was properly sent to the jury for its determination.

Appellant's remaining contention presents a substantial question. Following the charge of the court, the jury retired at 11:55 a. m. to commence deliberation. It returned to the courtroom at about 1:04 p. m. and the foreman an-

898

nounced that the jury was "deadlocked." The court then excused the jury until 2:00 p. m. after an admonition to discontinue deliberations during the respite. He then stated:

Ladies and gentlemen of the jury, this is a case that should and must be decided. In Federal Court, the Court is entitled to give his opinion about the facts, which you are free to disregard.

It is my opinion that this defendant has been proven guilty beyond a reasonable doubt.

You are now free to go and you will return and resume your deliberations at 2:00. Everyone will remain seated while the jury leaves the courtroom.

Counsel duly objected to these remarks.

The jury returned from lunch at 2:00 p. m. and about ten minutes later returned a verdict of guilty.

■ Appellant concedes that a federal judge may comment on the evidence but contends that this power has limitations and that the language employed here went beyond permissible limits. We agree.

Chief Justice Hughes discussed some of the limitations on this power in the following language in Quercia v. United States, 289 U.S. 466, 470, 53 S.Ct. 698, 699, 77 L.Ed. 1321 (1933).

This privilege of the judge to comment on the facts has its inherent limitations. His discretion is not arbitrary and uncontrolled, but judicial, to be exercised in conformity with the standards governing the judicial office. In commenting upon testimony he may not assume the role of a witness. He may analyze and dissect the evidence, but he may not either distort it or add to it. His privilege of comment in order to give appropriate assistance to the jury is too important to be left without safeguards against abuses. The influence of the trial judge on the jury "is necessarily and properly of great weight" and "his lightest word or intention is received with deference, and may prove con-

trolling." This Court has accordingly emphasized the duty of the trial judge to use great care that an expression of opinion upon the evidence "should be so given as not to mislead, and especially that it should not be one-sided"; that "deductions and theories not warranted by the evidence should be studiously avoided." Starr v. United States, 153 U.S. 614, 626, [14 S.Ct. 919, 923, 38 L.Ed. 841;] Hickory v. United States, 160 U.S. 408, 421–423, [16 S.Ct. 327, 332, 40 L.Ed. 474]. He may not charge the jury "upon a supposed or conjectural state of facts, of which no evidence has been offered." United States v. Breitling, 20 How. 252, 254, 255, [15 L.Ed. 900]. It is important that hostile comment of the judge should not render vain the privilege of the accused to testify in his own behalf. Hicks v. United States, 150 U.S. 442, 452, [14 S.Ct. 144, 37 L.Ed. 1137;] Allison v. United States, 160 U.S. 203, 207, 209, 210, [16 S.Ct. 252, 255, 40 L.Ed. 395]. Thus, a statement in a charge to the jury that "no one who was conscious of innocence would resort to concealment," was regarded as tantamount to saying "that all men who did so were necessarily guilty," and as magnifying and distorting "the proving power of the facts on the subject of the concealment." Hickory v. United States, supra.

In only one case has the Supreme Court approved a judicial expression of opinion that a defendant was guilty. Horning v. District of Columbia, 254 U. S. 135, 41 S.Ct. 53, 65 L.Ed. 185 (1920), was a case in which the facts were not disputed and the only issue was a question of law: Did these circumstances constitute an offense? Mr. Justice Holmes approved a statement by the judge that the undisputed facts established the offense charged, so long as the jury was allowed the technical right to decide against the law and the facts. He recognized that on proper analysis this was not a case of a judge expressing an opinion upon the evidence since

there was no evidentiary dispute. This was instead an instance of a judge advising the jury of the law applicable to the facts and this he could do even though he could not direct a verdict of guilty. Mr. Justice Brandeis dissented, observing that a jury in a criminal case renders a general verdict on the law and the facts, and the judge is powerless to direct a verdict of guilty even if no fact is in dispute. He would forbid the judge to do by indirection what was forbidden directly—to usurp the province of the jury.

Thirteen years later, in United States v. Murdock, 290 U.S. 389, 54 S.Ct. 223, 78 L.Ed. 381 (1933), the Supreme Court again considered the power of a judge to express an opinion as to the guilt of a defendant and limited the approval in *Horning*, supra, to the exceptional case where "upon the undisputed and admitted facts the defendant's voluntary conduct amounted to the commission of the crime defined by the statute." The Court there held that a case such as the instant appeal where willfulness is a disputed issue is not within the exception. Smith's defense is that after reporting as ordered he believed that he could leave the hospital with impunity. He relies upon his conversation with the Personnel Director who, according to Smith's testimony, "* * * he said yes, it was all right with him if I left." See also Billeci v. United States, 87 U. S.App.D.C. 274, 184 F.2d 394, 24 A.L.R. 2d 881 (1950).

Appellee contends that the judge's expression of his opinion of appellant's guilt with the further advice to the jury that they were free to disregard his comments was authorized by our decisions in Tuckerman v. United States, 6 Cir., 291 F. 958 (1923), Cert. den. 263 U.S. 716, 44 S.Ct. 137, 68 L.Ed. 522

(1923) and Stroud v. United States, 2 F.2d 658 (6th Cir. 1924).

These cases are in conflict with the *Murdock* decision which the Supreme Court decided a decade later and can no longer be regarded as valid precedents.[1] This repudiation of *Tuckerman* and *Stroud* was presaged by our decisions in United States v. Porter, 6 Cir., 386 F.2d 270, 275 (1967), where we said when determining that a judge's comments went beyond permissible limits, "The judge's discussion of the government's evidence could easily be construed as an expression of his belief that the defendant was guilty." Also in Buchanan v. United States, 6 Cir., 244 F.2d 916, 920 (1957), we said:

The court cannot direct a verdict of guilty in criminal cases, even if the facts are undisputed. Dillon v. United States, 2 Cir., 279 F. 639. It cannot do indirectly what it cannot do directly, and by its instructions in effect advocate such a verdict of guilty. Weare v. United States, 8 Cir., 1 F.2d 617. Where the trial judge undertakes to sum up and comment on the evidence, and his comments are in the nature of an argument to the jury, he thus assumes the role of an advocate; and this is error, as established by repeated decisions. Minner v. United States, 10 Cir., 57 F.2d 506.

Since we reverse and remand for a new trial, we make the further observation that the trial judge's statement "This is a case that should and must be decided" after the jury had announced that it was deadlocked was coercive and an impermissible extension of the instruction approved in Allen v. United States, 164 U.S. 492, 17 S.Ct. 154, 41 L. Ed. 528 (1896), as we have recently held in United States v. Harris, 391 F.2d 348 (6th Cir. 1968).

Reversed and remanded.

---

1. The tentative draft of the American Bar Association Project on Minimum Standards for Criminal Justice, Standards Relating to Trial by Jury (April, 1968) provides in Standard 4.7(ii):

The court may not suggest a verdict of guilty or not guilty, nor may the court directly express an opinion on the guilt or innocence of the defendant.