## GLADSTONE v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. February 4, 1918. Rehearing Denied April 1, 1918.)

1. CRIMINAL LAW ⟬⟭42—DEFENSES—EXECUTIVE CLEMENCY—CONTINUANCE.
    Where defendant, shortly after arrest under charge of having unlawfully in his possession, and transporting and concealing, opium prepared for smoking, contrary to law, made disclosure to the collector of customs pursuant to an understanding that, if he would make such disclosure and testify, the collector would recommend that the case against his associate should be dismissed, and that he could plead guilty and receive a nominal fine. The district attorney declined to nolle prosequi the in-

dictment against defendant, and he was placed on trial and convicted; nothing which he disclosed to the collector of customs being used against him. *Held* that, while a district attorney may promise immunity to accomplices in consideration of their turning state's evidence, and such a person acquires an equitable right to executive clemency, of which the court can take notice only when application to postpone the case is made in order to permit him to apply for pardon, defendant, being the principal offender himself, acquired no title to executive clemency, and his application for a continuance for the purpose of seeking a pardon was properly denied, particularly as eight months occurred between the date of the indictment and the trial.

2. CRIMINAL LAW ☞680(2)—TRIAL—RECEPTION OF EVIDENCE.

The order in which evidence shall be received is largely within the discretion of the trial court, and defendant cannot complain that testimony as to a conversation had with the arresting officer was introduced before proof of the corpus delicti.

3. CRIMINAL LAW ☞1086(14)—REVIEW—QUESTIONS PRESENTED.

Where no request for an instruction directing a verdict of not guilty appeared in the transcript, and it did not appear that any exception was taken to any of the instructions, or to the denial of requested instructions, an assignment of error complaining that the court erred in refusing to direct an acquittal cannot be considered.

In Error to the District Court of the United States for the Southern Division of the Southern District of California; Oscar A. Trippet, Judge.

Alexander Gladstone, alias William Vines, was convicted of having unlawfully in his possession, and transporting and concealing, opium prepared for smoking, contrary to law, and he brings error. Affirmed.

Benjamin L. McKinley, of San Francisco, Cal., A. J. Morganstern, of San Diego, Cal., and Paul W. Schenck, of Los Angeles, Cal., for plaintiff in error.

Robert O'Connor, U. S. Atty., and Clyde R. Moody, Asst. U. S. Atty., both of Los Angeles, Cal.

Before GILBERT and HUNT, Circuit Judges, and WOLVERTON, District Judge.

GILBERT, Circuit Judge. The plaintiff in error, Gladstone, was convicted on an indictment which charged him and one Friedlander with having unlawfully in their possession, and transporting and concealing, opium prepared for smoking, contrary to law.

[1] Error is assigned to the denial of the motion of the plaintiff in error for a continuance for the purpose of submitting to the President an application for pardon. The motion was based upon affidavits, the substance of which was that shortly after his arrest the plaintiff in error had an understanding with the collector of customs for the port of Los Angeles, to the effect that, if he would disclose to the collector all that he knew in regard to the transaction on which he was indicted, the collector would recommend that the district attorney dismiss the case against Friedlander, and that the plaintiff in error, upon his plea of guilty, receive a nominal fine, and that, acting upon that understanding, the plaintiff in error did disclose to the collector of customs all that he knew of the transaction. To this contention are cited Whisky

Cases, 99 U. S. 594, 25 L. Ed. 399, United States v. Lee, 4 McLean, 103, Fed. Cas. No. 15,588, and People v. Whipple, 9 Cow. (N. Y.) 707. In Whisky Cases, the court held that a district attorney has no authority to contract that one accused of an offense against the United States shall not be prosecuted if, when examined as a witness against his accomplice, he will disclose fully and fairly his and their guilt, but that the accused acquires merely an equitable title to executive clemency of which the court can take notice only when an application to postpone the case is made in order to give him an opportunity to apply for pardon. In United States v. Lee, the court cited from Greenleaf the rule that the admission of accomplices as witnesses for the government is justified by the necessities of the case, it being often impossible to bring the principal offenders to justice without them, and from People v. Whipple, 9 Cow. (N. Y.) 707, where it was said:

"If he appears to have been the principal offender, he will be rejected."

In United States v. Hinz (C. C.) 35 Fed. 272, it was said:

"That the authority to promise immunity to an accomplice upon his turning state's evidence is not vested in the prosecuting officer, but whether they will be admitted to testify, and thus secure an equitable right to clemency, is vested in the discretion of the courts, to be exercised cautiously, in view of all the circumstances of the case, and to promote the ends of justice."

In the case at bar, so far as is shown by the affidavits and by the evidence on the trial, the plaintiff in error was himself the principal offender. If in his disclosure which he made to the collector of customs, he implicated any other person, that fact was not made known to the court below. On the trial it was shown that the plaintiff in error, accompanied by Friedlander, went in an automobile from San Diego to El Centro, Mexico, taking with him two empty suitcases, and that on returning to California he was arrested while in possession of the suitcases, which were filled with opium prepared for smoking. The district attorney, when he was advised of the nature of the testimony which the plaintiff in error proposed to give on behalf of the government said:

"We cannot nolle pros. this case. * * * We cannot convict any one else on this testimony."

The statement so made to the collector of customs by the plaintiff in error must have been evidence only of his own guilt, and not that of another, and the record shows that nothing that he said at that time was used against him or against his codefendant on the trial, and that he did not testify on the trial. In brief, the plaintiff's contention amounts to this: That if a defendant in a criminal case shall disclose to some officer of the government all the facts which show his own guilt, and offer to testify thereto, he will be entitled to the clemency of the court, and to its aid in obtaining a pardon. Such is not the law. The plaintiff in error was given ample opportunity to apply for pardon between the date of the indictment and the trial, which occurred eight months later.

[2] It is assigned as error that the court below permitted the government to prove a conversation between the arresting officer and the

defendants at the time when they were taken from the automobile in which they were carrying the opium. The objection of the defendants was that such evidence was not admissible until the corpus delicti was established. To this it is sufficient to say that the order in which testimony shall be admitted is largely within the discretion of the trial court. Thiede v. Utah Territory, 159 U. S. 511, 519, 16 Sup. Ct. 62, 40 L. Ed. 237. And while it may be preferable to prove the corpus delicti before offering evidence to implicate the accused, "it is not error to receive evidence against the accused before the corpus delicti has been proved." 12 Cyc. 556; 7 R. C. L. 778.

[3] We need not discuss the assignment of error that the court erred in refusing to instruct the jury that the evidence adduced was insufficient to warrant conviction of the defendants or either of them, and "I therefore instruct you to find the defendants not guilty on said indictment." No such request for an instructed verdict appears in the transcript, nor does it appear that any exception was taken to any of the instructions, or to the denial of any requested instruction. It may be added that the point of law raised on this assignment was decided adversely to the contention of the plaintiff in error here by the decision of this court in Ng Choy Fong v. United States, 245 Fed. 305, —— C. C. A. ——.

We find no error. The judgment is affirmed.