### URBAN v. UNITED STATES.
### DE COLA v. SAME.
#### No. 212.

Circuit Court of Appeals, Tenth Circuit.
Jan. 2, 1931.

Rehearing Denied Feb. 12, 1931.

A. R. Morrison, of Denver, Colo., for appellant Urban.

George A. Crowder, of Denver, Colo., for appellant De Cola.

Robert J. Kirschwing and Albert E. Sherlock, both of Denver, Colo., on the brief, for appellants.

Charles E. Works, Asst. U. S. Atty., of Denver, Colo. (Ralph L. Carr, U. S. Atty., of Antonito, Colo., on the brief), for United States.

Before LEWIS, COTTERAL and PHILLIPS, Circuit Judges.

PHILLIPS, Circuit Judge.

The indictment in this case charged that E. L. Russell, Zig Urban, Zig Urban, Jr., Carl Lombardi and Carmen De Cola did unlawfully conspire to possess and transport whisky, contrary to the provisions of the National Prohibition Act, on May 1, 1928, and thence continuously until March 17, 1929; and that, in the furtherance of such conspiracy, Urban, Sr., Lombardi and De Cola on May 1, 1928, agreed to pay G. J. Wargin thirty dollars per week for the use of the Wargin ranch as a place to cache and conceal whisky; that Russell transported whisky to such ranch and that Urban, Jr., transported whisky from such ranch, at divers times during the existence of such conspiracy; that on March 17, 1929, Urban, Jr., at such ranch, loaded a Buick automobile with a quantity of whisky which had been cached on said ranch.

G. J. Wargin testified that early in the spring of 1928 Lombardi and Urban, Sr., came to his ranch and offered to pay him thirty dollars a week to use his ranch "for some stuff"; that he accepted their proposition and they told him a load would be in that night; that he was not sure whether De Cola was with them but that De Cola came later in the day, paid him thirty dollars and said a load would be in that night. He further testified that continuously thereafter up to March 17, 1929, with the exception of a period of about three months, Russell brought in loads of five to fifteen kegs of whiskey and placed them in the wood pile and Urban, Jr., came and took them away; that Urban, Jr., paid all the weekly rent installments, with the exception of the first payment; that prior to the three months' period when operations were suspended, he did not examine the kegs to see if they contained whiskey.

Edward Wargin testified that he was the son of G. J. Wargin; that Urban, Sr., Lom-bardi and De Cola came to his father's home in the spring of 1928 and talked to his father, but that he did not hear what was said; that thereafter Russell brought whiskey to his father's place and cached it in the wood pile and Urban, Jr., came and took it away; that on several occasions he helped Russell unload kegs of whiskey at the wood pile and helped Urban, Jr., reload them; that he helped Urban, Jr., load the whiskey from the wood pile on March 17, 1929, and that Urban, Sr., came to the place about two weeks after the first whiskey had been brought there and looked in the wood pile.

Theresa Wargin, the wife of G. J. Wargin, testified that Urban, Sr., and Lombardi came to her husband's place, about six months after they first started to cache their stuff there, and asked if the driver had been in; that Urban, Sr., came again on March 17, 1929, and asked for an automobile cushion and found a cushion which fitted his car; that Urban, Jr., paid her thirty dollars in rent on one occasion; that she saw Russell bring in "stuff" and Urban, Jr., "load whiskey and leave"; that a short heavy-set man took Russell's place; that she asked Urban, Sr., what had happened to Russell, and Urban, Sr., replied, "He blew up"; and that she did not know whether the stuff was whiskey, prior to the time operations were suspended for three months.

John J. Mitchell, a prohibition agent, testified that he went to the Wargin ranch on May 17, 1929, in company with other officers, and searched the premises; that they found 2½ gallons of whiskey in the root cellar and 30 five-gallon kegs of whiskey in a pile of lumber on the premises; that Urban, Jr., came to the Wargin ranch in a Buick sedan and loaded whiskey into such sedan from the wood pile; that he and one Cox arrested Urban, Jr., and seized the whiskey.

Earl Cox, under-sheriff of Adams county, testified that Urban, Jr., came to the ranch and loaded some of the kegs of whiskey into a Buick sedan; that they found thirty kegs of whiskey in the wood pile on such ranch. He identified one of the kegs produced in court and testified that it contained whiskey. He further testified that in Urban, Jr.'s, pocket they found a driver's card indicating that the Buick sedan belonged to Russell.

Urban, Sr., and De Cola were personally present when the case against them was called for trial at 4:30 p. m., October 2, 1929. Mr. A. R. Morrison, Esq., counsel for Urban, Sr., was absent. The court thereupon appointed counsel to represent Urban, Sr., and proceed-

ed to impanel the jury. It then adjourned the trial until the following morning, when Mr. Morrison, on behalf of Urban, Sr., objected to the trial proceeding on account of the fact that the jury had been impanelled during his absence. The court overruled his objection. Urban, Sr., and De Cola were convicted and sentenced, and have appealed.

■ Counsel for Urban, Sr., contend that the court erred in impanelling the jury in the absence of the regularly employed counsel for Urban, Sr. The case had been duly set for trial and both Urban, Sr., and his counsel notified. Urban, Sr., was represented, during the impanelling of the jury, by counsel appointed by the court. No prejudice is shown. Under these circumstances, we think no error resulted from the ruling of the court.

At the close of the evidence, Urban, Sr., and De Cola each moved the court to instruct the jury to return verdicts of not guilty. These motions were overruled and the ruling is assigned as error.

■ It is our opinion that the evidence established the conspiracy and the overt acts charged in the indictment. The evidence, as to Urban, Sr., was so conclusive that this assignment, as to him, does not merit discussion. The evidence showed that De Cola was present when the contract was entered into for the use of the ranch as a place to store whiskey; that he paid the first installment of rent and told G. J. Wargin that a load would be in that night. We think these facts warranted the jury in finding that De Cola was a party to the conspiracy and continued to remain a party, at least until the first overt act charged had occurred.

Counsel contend that there was no proof that the kegs, which were brought in by Russell, cached in the wood pile and taken away by Urban, Jr., contained whiskey, with the exception of the kegs seized March 17, 1929. Edward Wargin testified that he helped Russell unload and Urban, Jr., reload kegs from time to time at the wood pile and that they contained whiskey. A person of ordinary knowledge, who handles five-gallon kegs of whiskey and helps to load them into and unload them from an automobile, would be able to determine from the odor whether they contained whiskey. Furthermore, it was shown positively that the kegs found there on March 17, 1929, contained whiskey, and it is a reasonable inference that what took place on that date was a mere continuance of what had preceded it and that the contents of the kegs found there that day was the same as those previously placed in the wood pile.

During the argument of the case, counsel undertook to read to the jury Urban, Sr.'s, requested instructions one and two, and the following took place:

"The Court: Mr. Morrison, it is the duty of the court to instruct the jury.

"Mr. Morrison: I prefaced my remarks by stating that I assumed the court would instruct the jury.

"The Court: I know, but you are reading instructions you have requested the court to give.

"Mr. Morrison: Save our exception to the ruling of the court that in argument we cannot state to the jury that they will be instructed in a certain manner, and that we are not allowed to state our version of what the law is on the matter."

■ Requested instruction No. 1 related to the credibility of an accomplice as a witness. It was neither an accurate nor a complete statement of the law on the subject. Requested instruction No. 2 was to the effect that the fact that whiskey was found on the Wargin ranch, and that Urban, Jr., went there and with the assistance of some one else loaded it into an automobile, was not of itself sufficient to establish the guilt of the other defendants. This instruction singled out, emphasized and gave undue prominence to a particular part of the evidence when there was a great amount of other evidence in the case tending to establish the guilt of Urban, Sr. It was therefore improper. Colburn v. United States (C. C. A. 8) 223 F. 590, 596; Perovich v. United States, 205 U. S. 86, 93, 27 S. Ct. 456, 51 L. Ed. 722; 16 C. J. p. 1038, § 2479. Under these circumstances, the court quite properly prohibited counsel from reading such requested instructions to the jury.

■■ Over the objection of the defendants, the court permitted the government to prove that Urban, Jr., had whiskey in his possession at the Wargin ranch, before any proof of the conspiracy was introduced. This ruling is assigned as error. The order of proof rests largely in the discretion of the trial court. Baker v. United States (C. C. A. 4) 21 F.(2d) 903, 905; Ashbaugh v. United States (C. C. A. 6) 13 F.(2d) 591, 593; Vandell v. United States (C. C. A. 2) 6 F.(2d) 188, 190. Proof of the conspiracy was later made. The assignment is not well taken.

■■ During the trial, counsel undertook to interrogate G. J. Wargin concerning a case pending against him in the state court grow-

ing out of the same transactions involved in this case. After it was shown that the state case was pending, and the witness had denied that he had been promised any immunity, the court refused to permit counsel to go into detail with reference to the state case. Proof of the pendency of such case was no doubt admissible, as affecting Wargin's credibility as a witness, but it was within the sound discretion of the court to restrict the examination to the general facts with reference thereto.

█ Certain errors are assigned on account of the instructions given by the court of its own motion. Since no objections were made and no exceptions were saved to these instructions at the trial, we will not specifically consider them. While the charge is inartificially phrased in some particulars, we think, as a whole, it fairly submitted the issues of fact and properly stated the law applicable thereto.

We conclude that the record is free from prejudicial error. The judgments are therefore affirmed.