MIGUEL ÁNGEL ROMERO NÁTER, Petitioner and Appellee, *v.* JAMES M. JONES, WARDEN OF THE STATE PENITENTIARY, Respondent and Appellant.

No. 11378.   Argued February 2, 1955.—Decided July 29, 1955.

---

J. B. *Fernández Badillo, Acting Attorney General,* and *Rafael L. Ydrach Yordán, Fiscal of the Supreme Court,* for appellant. *Santos P. Amadeo* for appellee.

MR. JUSTICE SIFRE delivered the opinion of the Court.

The question for decision is whether the San Juan Part of the Superior Court erred in issuing an order granting a petition for habeas corpus filed by appellee urging his discharge, on the ground that he did not have assistance of counsel in a prosecution for first-degree murder in which he was found guilty by a jury and sentenced to life imprisonment. The People of Puerto Rico and James M. Jones, Warden of the State Penitentiary, appealed from that order.

The appellee was prosecuted in the Arecibo Part of the Superior Court [1] jointly with José Jaime Delgado. On the day set for the trial the two defendants appeared together with Mr. Esteban Susoni, attorney for both defendants according to the record. The court inquired whether the

---

[1] The information filed against the defendants reads in part as follows:

"That the said defendants, Miguel Ángel Romero Náter and José Jaime Delgado, on or about October 25, 1951, in the ward of Unibón of Morovis, Puerto Rico, which is a part of the Judicial District, Arecibo Section, Puerto Rico, then and there, illegally, wilfully, maliciously and criminally with malice aforethought and with the resolute and deliberate purpose of killing her, thereby showing that they had a wicked and malignant heart, assaulted and attacked the girl, Sofía Soto, with their fists, then tied a piece of her clothes around her neck, producing the rupture and occlusion of the trachea as a result of which the said Sofía Soto died illegally from asphyxia by strangulation."

defendants were represented by that attorney, to which José Jaime Delgado answered in the affirmative while the appellee said that his attorney was Mr. Roberto Martínez, who was not present. In the course of the dialogue copied in footnote 2,[2] Mr. Esteban Susoni informed the court that he was

[2] "The Court: Were you summoned young man?

"Defendant Romero Náter: Yes, sir.

"The Court: What about the other?

"Marshal: He is in prison; he'll be here shortly, Your Honor.

"The Court: Your only attorney is Mr. Susoni.

"Defendant Romero Náter: Roberto Martínez.

"The Court: And you young man?

"Defendant Delgado: Susoni.

"Prosecuting Attorney: Your Honor we were downstairs organizing the evidence.

"The Court: The clerk will please state whether Mr. Martínez is the attorney of record for the defendant.

"Mr. Susoni: He is not the attorney of record. However, Miguel Ángel Romero's uncle asked Roberto Martínez to assume the defense of the case. He agreed and then asked me since I am the attorney for the other defendant, whether the court could wait for him until ten or half past ten o'clock.

"The Court: The colleague may act at the commencement of the case as attorney of record for both.

"Mr. Susoni: At first I was supposed to be the attorney for both; later he engaged another attorney. I would not object to the commencement of the case.

"The Court: The result of the colleague's statement is that Roberto has spared himself a contempt. But since he has another attorney and he gave Mr. Susoni the reasons for not appearing but still to consider him as attorney of record, then there is no trouble. Is the case then to be tried by a jury?

"Mr. Susoni: By a jury.

"Posecuting Attorney: Will Your Honor allow me five minutes; the witnesses are in my office.

"The Court: Let us impanel the jury and then talk to the witnesses.

"Prosecuting Attorney: I'll be back in a minute, Your Honor. We are ready, Your Honor.

"The Court: Let us proceed with the drawing. Mr. Susoni are there going to be only two attorneys?

"Mr. Susoni: Mr. Roberto Martínez in representation of this defendant and myself.

"The Court: Who are going to act as the prosecuting attorneys?

"Prosecuting Attorney Porrata Doria: The People of Puerto Rico is represented in this case by the speaker, Santiago Porrata Doria, by Prosecuting Attorney Ruiz, and by Prosecuting Attorney Crespo.

"Mr. Susoni: Your Honor, I wish to advise the court in advance of the following situation: Although Mr. Martínez told me he would be

no longer attorney for the appellee; that the latter or one of his relatives had employed Mr. Martínez to represent him at the trial, and that that attorney had asked him to request the court to wait for him until ten o'clock or ten thirty. The court, relying mainly on the fact that Mr. Esteban Susoni appeared as the attorney of record for both defendants from the time of the arraignment, chose to proceed with the trial and ruled that the attorney could act "at the commencement of the case" as attorney for both defendants. Mr. Susoni agreed but explained that if the introduction of the evidence began in Mr. Martínez' absence, the court would be imposing on him "the defense of an accused who has not requested it." He added that the representation of both defendants by the same attorney might possibly be incompatible, but gave no explanation as to such possible incompatibility.

The case was called for trial and Mr. Susoni represented both defendants during the impanelling of the jury. After

---

here, supposing he is not here when we begin to introduce the evidence, the court in that case would be imposing on me, imposing on this attorney the defense of an accused who has not requested it.

"The Court: Independently of the question of Martínez, which I would decide differently from what I did at first, because you said Mr. Martínez would be here later, and you told me that you had been the attorney of record for both defendants, if he does not appear and you believe that the task is too much for you, and that the defendant's right of denfense would be injured, the court will order the immediate arrest of Roberto Martínez and punish him for contempt.

"Mr. Susoni: But that would not solve the problem. The defense of one accused might perhaps be incompatible with the defense of the other.

"The Court: That is your problem Mr. Susoni, and you should have made it clear.

"Mr. Susoni: I have not interviewed defendant Miguel Ángel Romero Náter at any time.

"The Court: It appears from the record.

"Mr. Susoni: Since the defendant requested the assistance of counsel, I am out of the picture and have nothing to do with him.

"The Court: The court does not think so. You should have renounced the representation.

"Mr. Susoni: We did not do it because I knew that he was represented by another attorney. Mr. Martínez told me this: That he would be here between ten o'clock and ten thirty. Suppose the evidence begins. I believe the impanelling of the jury will take some time; now if he is not here by then. . .

the impanelling and before The People offered its evidence, the court recessed in order to give Mr. Martínez time to appear. Upon his arrival, the session was resumed and the trial went on. Mr. Susoni continued the representation of José Jaime Delgado, and Mr. Martínez from that time represented appellee. José Jaime Delgado was found guilty of second-degree murder and the appellee of first-degree murder. Subsequently, the latter filed the petition for habeas corpus which is the object of the order appealed from.

While appellant maintains that the San Juan Part of the Superior Court erred in issuing the order in question, the appellee contends that he had no "actual and effective assistance of counsel not only during the impanelling of the jury but also in the course of the trial," alleging that "the court imposed on him . . . the professional assistance of an attorney other than his own," referring to Mr. Susoni's intervention in the selection of the jury; that the court, in refusing to delay the hearing until Mr. Martínez arrived and in permitting "the impanelling of the jury in the absence" of that attorney, deprived him of the right "to have the assistance of the counsel of his choice at all the stages of the proceeding"; and, finally, that Mr. Martínez "learned

---

"The Court: We don't know yet how long it will take. Let us proceed. The record does not disclose that Roberto Martínez is the attorney. I would be somewhat hasty if I ordered that Martínez be arrested, since according to the record he is not the attorney of record. I only have here the statements made by the defendant in the first place, and the statements made by the attorney in the second place. The attorney of record evidently is Mr. Esteban Susoni.

"Mr. Susoni: The defendant himself can tell the court that his attorney is Roberto Martínez. He has never talked to me about it.

"The Court: Perhaps because you are too busy; otherwise you would have had an interview with him.

"Mr. Susoni: The defendant has called at my office on numerous occasions together with his father and we are familiar with this case; but since I am not the attorney for the other defendant it has not been necessary for me to determine whether the defense is incompatible with the defense of the other accused.

"The Court: It can be verified by the record or minutes that there is no appointment of the colleague, no special designation for anything, but that the appearance of the attorney is general for all purposes not merely for the arraignment."

of the occurrences the very day of the commencement of the trial, and therefore had no time to prepare appellee's defense."

The defendants were represented at the arraignment by Mr. Esteban Susoni who continued to act as attorney of record for both, as already stated, until the very day of the trial, when he informed the court for the first time that the appellee would not be represented by him because he had selected another attorney. More than six months elapsed from appellee's arraignment to the date set for the trial. However, he offered no excuse to explain or justify his delay in choosing another attorney and designating Mr. Martínez. The record discloses that when the trial was resumed, the latter informed the court that his client had engaged his services that morning, but did not object at any time to the commencement of the trial in his absence, or to the fact that Mr. Susoni had acted on his behalf during the selection of the jury, which in effect was accepted as selected. Thereafter Mr. Martínez participated actively in the trial of the case, which was not a complicated one, on behalf of the appellee, after informing the judge of the trial court that he was ready.[3]

In view of these facts, is it correct to say that the appellee was denied the right to assistance of counsel of his own choice? Certainly not. That right must be zealously protected by the courts, but the defendant should not be reluctant to exercise it, *People* v. *González*, 50 P.R.R. 187; *Neufield* v. *United States*, 118 F. 2d 375, nor use it to obstruct the normal course of proceedings. He should not wait until the last minute to designate counsel, unless he has good reasons for not doing it sooner, and then allege, if the outcome of the proceeding is adverse to him, that because

---

[3] Although at the hearing of the habeas corpus the appellee declared that he had not conferred with Mr. Martínez prior to the trial and that the latter did not ask him if he had any witnesses, the attorney testified that the appellee explained the evidence to him as well as the theory of his defense, and brought him a witness.

of his own omission and lack of diligence he was denied such right. To sanction this action which we reject here would be tantamount to establishing a precedent highly injurious to the orderly administration of justice in criminal matters. The effect would be to grant the defendants the control over the calendars of the courts by placing them in a position to determine when the proceedings shall be heard, thereby furnishing an easy means to have the trials postponed at their will simply by waiting until the last minute to employ or change counsel.

It was incumbent on the appellee to show in the habeas corpus proceeding that he was deprived of the right to assistance of counsel of his own choice, and this he failed to accomplish. We are fully convinced that the trial court did not abuse its discretion in holding, when faced with the problem created by appellee himself, that the trial should be commenced and that Mr. Susoni should represent him during the impanelling of the jury. On the other hand, we are further convinced that he also failed to show that the action of the court was prejudicial to him,[4] *Urban* v. *United States*, 46 F. 2d 291, or that the legal assistance during the remainder of the trial was not active and diligent after Mr. Martínez' return, or that it would have been so to a greater degree if that attorney had had more time to prepare himself, which in any event he did not request.

The cases cited by appellee are not applicable to the facts and circumstances surrounding the case at bar.

We are of the opinion that appellant is correct in his contention that the lower court erred in issuing the order appealed from. The order will therefore be set aside and the petition dismissed.

---

[4] We have borne in mind that, according to the evidence of the prosecution, when the defendants were apprehended they made statements mutually accusing each other, but the discrepancy between them evidently referred to the scope of the participation of each in the criminal act and not to the fact that either of them alleged his innocence. We have also considered the statements made thereafter by José Jaime Delgado in the course of the investigation.